## A. J. Hardin et al. *v.* Jane Osborne.

1. Widows' Rights to Husbands' Exempted Property—Act of 1857.—Under the act of 1857, Rev. Code, p. 469, art. 172, a widow, though owning separate property equal to what would be her portion of her husband's estate, was still entitled to all that part of her husband's personal property that was exempt from execution or attachment. Ib., p. 528, art. 280.

2. Same—Act of 1860.—By the act of 1860, Pamphlet Laws, p. 375 § 1, the children of a deceased husband were made joint participants with the widow in this benefit.

3. Same—Act of 1865.—By the act of 1865, Pamphlet Acts, p. 138, § 3, the widow is made life-tenant of all her husband's exempted property, real and personal; not, however, for her own exclusive benefit, but "for the use and benefit of herself and children; and this life interest of the widow is subject to be divested by the widow's marriage. Under this act the benefit and use are joint and common, to the widow and children, so long as she continues a widow; but on her marriage or death, the property descends to the deceased husband's heirs.

4. Case at Bar.—Where the property so exempt has been converted into money, and the question is, what are the respective interests of the widow and children, the widow shall have a child's part of the fund during her life or widowhood; the whole then to go to the children; and the widow, before receiving the money, shall give bond and security to secure the refunding of the money to the heirs, on the termination of her right to it.

Appeal from the probate court of DeSoto county. HAN-COCK, J.

Isaac Osborne died in 1866. His widow filed a petition in the probate court, asking for the whole of his exempt property. The court decreed it to her; and an appeal was taken to this court, and the decree below was affirmed. See Stephenson v. Osborne, 41 Miss., 119. The exempt property had, in the first instance, been sold, and the petition was for its proceeds. This was given to her. After the affirmance of the decree, two of Osborne's children, who were married and living apart from the widow, and a grandchild, also living apart and with its father, filed their petition for a part of the proceeds of this exempt property. The children are over twenty-one years of age; the grandchild a minor. The court below decided that the widow should have the money during her widowhood, or life, but should give bond for its return to the children and grandchild, when her estate determined.

From this decision both parties appealed.

*Walter & Scruggs*, for appellants.

The Revised Code, p. 469, provides that the widow shall take and retain all exempt property. The act of 1860, p. 375, provides that the widow and children shall be allowed to retain and hold, to their use, all the personal property exempt, and the appraisers shall set aside all such property, and make report to the probate court. The act of 1865 largely increases the list of exempt property. The third section of hat act provides "that all the property, real and personal, exempt by the provisions of this act, shall descend to the widow, as the head of the family, during her widowhood, for the use and benefit of herself and children, and in the event of her marriage or death, to descend, in like manner as other property descends by law in this state."

The act of 1857 received its construction in the cases of Coleman & Whitley v. Stephenson, 38 Miss., 113; Coleman v. Brooks, 37 Miss., 71. By these, the widow took absolutely all the exempt property. The act of 1860 received its con-

struction in Wally v. Wally, 41 Miss., 657.    This case determined that the property descends directly, and vests absolutely and without restriction, and although the appraisers, for convenience, and to prevent litigation, are to determine and set apart the property, yet the title does not depend on the action of the appraisers.

The act of 1865, so for as it relates to the unconditional nature of the estate, and the simple allotment by the appraisers, does not change the previous law. The seventh section, in fact, provides that it shall not have this effect. We allege that the probate court had no jurisdiction to do more than affirm or disallow the allotment previously made by the appraisers. The requiring of Mrs. Osborne to give the bond is all of which she complains. This act secures the exempt property to the *household* of the deceased, and not to those, who like Hardin and wife, had long since left the family circle. It secured the property to the widow, for the use of herself and family, and excluded those who were not of the household.

The very fact that the legislature did not mention the descendants of children, shows that its object was to confine its bounty to the widow and the helpless children of the household.

We do not say that, on the marriage or death of Mrs. Osborne, they may not have some rights (though we believe not), and that the property will then be divided amongst the children, even of Mrs. Osborne alone, should they then constitute the only household. But we insist that this suit has already been ajudicated by this court, in the case of Osborne v. Stephenson, 41 Miss., 120, and is, therefore, *res adjudicata.* And see Henderson v. Winchester, 31 Miss., 290; Land v. Williams, 12 S. & M., 364.

*White & Chalmers,* for the appellees.

This is a cross-appeal from a decision of the probate judge of DeSoto county, as to the comparative rights of widow and children of a deceased person, in the exempt property. The

decision of that court was, that the widow took all the exempt property, during life or widowhood, but must give bond for its faithful return, at her marriage or death.

The widow appeals because she is unwilling to give the bond. The children appeal because they want their portion of the property, at once. We represent the children. It is clear that the children have some interest in this exempt property.

The Revised Code, p. 469 gives the whole of it to the widow. The act of 1860, p. 375, changes this, and gives it to the widow and *children—not minor* children. The act of 1865 continues the interest of the children. True, it says that the widow shall hold it for the benefit of herself and children, during life or widowhood; but in many cases, as in the case at bar, the children can receive no benefit, if held by the widow. The children may be, as in this case, offspring of a different marriage, and living with their relations. Their relations may be their testamentary guardians, or appointed such by the probate court. In such a case, their guardians are entitled to the care of their persons, and can enforce it by *habeas corpus*, or by force.

How, in such case, can they derive any benefit from this exempt property, which the act of 1860 says shall descend to them equally with the widow, and which the act of 1865 says shall be for benefit of them and the widow, if the widow is allowed to retain, and use, and consume it, at will. Remember that under the act of 1865, the personal exemptions are increased to an amount which may embrace thousands of dollars in value, and the *usufruct* of it may, therefore, be quite valuable to the heirs.

The record shows that the widow, in this case, is possessed of a very handsome competency in her own separate property, and that appellants are very poor. There is nothing in any of the acts which limits the benefits of them to *minor* children.

SIMRALL, J.:

This case comes to this court on a construction of the

exemption laws, on the point of the interest of the widow and children in such property by the acts of 1865.

Under article 172 Code, p. 469, the widow was entitled to all the exempt personal property of her deceased husband; although she owned separate property, equal to what would be her portion of her husband's real and personal estate. Coleman v. Brooke, 37 Miss., 71. In the latter case of Whitley v. Stephenson, 38 Miss. Rep., 115, it was said that this property vests, by operation of law, in the widow, divested of all claims of creditors, and in the same manner as the land vests in the heir. It is really no part of the decedent's estate, for the purposes of administration. In Wally v. Wally, 41 Miss. Rep., 658, the act of 1860, was construed. This act, sect. 1, p. 375, so amends the art. 172 of chap. 60 of the Code, as to "provide that the widow and children of any deceased person shall be allowed to retain and hold to their use all the estate exempt from execution," etc. It was held in plain conformity to the words and intent of this amendment, "that the widow takes jointly with the children," and that her right was in no wise affected by the circumstance, that she had separate property at the time of the husband's death.

The title of the act of the 28th of November, 1865, is "an act to amend the exemption laws of this state." The 7th section, as if out of abundant caution, declares "that this act shall be construed as amendatory of the exemption laws, and not intended to repeal said laws, otherwise than the amendments in this act shall supersede the former acts herein revised and amended." The 3d section provides that "the property shall descend to the widow as the head of the family, during her widowhood, *for the use and benefit of herself and children*, and in the event of her marriage or death, to descend in like manner as other property descends." This idea of provision for the children seems to have grown in influence and importance in the legislative mind.

Originally, as in the Code, the widow took all the exempted property. By the act of 1860, the children are made

joint participants with her; and by the act of 1865, she is made life-tenant, subject to be divested of her estate, by condition subsequent (to-wit, her marriage); not an estate for life, however, for her exclusive benefit, "but for the use and benefit of herself and children." The descent is to her, "as the head of the family," but for "their joint benefit." The precise change, made by this act, is that the "interest" of the widow, instead of being in fee simple, is reduced to a life interest; not a life interest in the whole property, but in the use and benefit of the property, in common with the children.

The benefit and use are joint and common to the widow and children so long as she continues a widow. But on her death or marriage, the property descends to the heirs of the deceased husband. She is entitled, with the children, to the occupancy and use of the exempted lands and moveable property. Her estate, which was a joint fee simple, with the children, by the act of 1860, has, and the last amendment in 1865, been reduced to a life estate, to be terminated or directed by marriage. If, as the record shows in this case, the exempted property has been converted into money, the question is, what interest do the widow and children respectively have in the fund? We are of the opinion that the widow is entitled to a child's part of the fund, to be used and enjoyed by her during life or widowhood, which, upon the happening of either event, goes to the children.

The decision of the probate court was predicated on the construction of the act that the widow was entitled to the whole fund during widowhood or life. We reverse the decree and remand the cause, with directions to the chancery court to pay to the widow, Jane Osborne, a child's part of the fund in court, to be used during her widowhood or life, upon her giving bond, with good and sufficient sureties, that her executors or administrators, in case of her death, or herself, in case of her marriage, will refund to the children of the deceased husband, their respective portions or shares thereof.