## MARY A. BIRMINGHAM v. REUBEN BIRMINGHAM ET AL.

HOMESTEAD EXEMPTION. *Widow's right. Act of* 1865.

Where a husband died in 1867, seised and possessed of a quarter-section of land, on which he resided, leaving no child or children, nor descendants of a deceased child, his widow, under the third section of the act of 1865 (Laws 1865, p. 137), took, as against the heirs, a life estate in the entire tract, subject, however, to be defeated by her marriage; and upon the termination of her estate the land would descend, as other property descends by the laws of this State.

ERROR to the Chancery Court of Marshall County.

Hon. A. B. FLY, Chancellor.

*Falconer Brothers*, for the plaintiff in error.

Under the act of 1865 (Laws 1865, p. 138, § 3) the widow took a life estate, during widowhood, in the entire tract of one hundred and sixty acres, as against the collateral heirs of her deceased husband. Sheet Acts 1865, p. 137; Sheet Acts, October Session, 1852, p. 66; 27 Miss. 92; 31 Miss. 567; 33 Miss. 39; 38 Miss. 200; 39 Miss. 467; 41 Miss. 659; 42 Miss. 420; 43 Miss. 535; 45 Miss. 275, 421; 46 Miss. 71; 9 Bush (Ky.), 72.

*Strickland & Fant*, for the defendants in error.

1. Under the third section of the act of 1865 (Laws 1865, p. 138) the widow takes the exempt property, not as widow, nor in her own right, but as the head of the family, for the benefit of herself and the children, and therefore that act can have no application to a case like the one at bar, where there are no children. *Hardin* v. *Osborne*, 42 Miss. 532, 537.

2. The widow's dower, under § 22, art. 162, Code 1857, is one-half in fee-simple of the real estate of which the husband died seised and possessed. *Bridgeforth* v. *Maxwell*, 42 Miss. 743.

SIMRALL, C. J., delivered the opinion of the court.

Joshua Birmingham died in 1867, seised and in possession of a quarter-section of land, on which he resided. Mary A. Birmingham is his widow; but he left surviving no child or children, nor descendants of a deceased child. Since the

death of her husband, Mary A., his widow, has continued to reside on the premises. The brothers and sisters of the said Joshua, his heirs-at-law, instituted proceedings in the Chancery Court to have one-half of the premises set apart and assigned to the widow for her dower. She resisted the suit, claiming the entire premises as a homestead exemption. Her demurrer to the petition being overruled, and she declining to answer, decree was rendered in accordance with the prayer of the bill, and the case has been brought into this court by writ of error.

The rights of the parties are governed by the act of 1865, to " amend the exemption laws." Pamphlet, p. 137.

The first section " exempts from seizure and sale under execution or attachment to the head of every family, . . . being a housekeeper, two hundred and forty acres of land, . . . so laid off as to include thereon the dwelling-house and other buildings," &c.

No controversy can arise in this case, as in *Lessley* v. *Phipps*, 49 Miss. 790, as to whether the Code of 1857 or the act of 1865 applies as to the *quantum* of the exemption, the contestants not being creditors. The third section of the act provides that all the property, real and personal, exempted by the provisions of this act, upon the death of the husband, shall descend to the widow, as the head of the family during her widowhood, for the use and benefit of herself and children, &c. The heirs-at-law insist that, since there are no *children*, the estate did not and could not take the course of descent, as provided in this section; but the property lost its peculiar character as a homestead, and descended under the general law to the next of kin, subject to the widow's dower.

The earlier statutes gave to the widow, on the death of the husband, the exempt personal property. In the interpretation of these statutes it was held that the property vested directly in the widow; that she did not take through the administrator, as does the distributee; in reality, it constituted no part of the decedent's estate for purposes of administration. *Coleman* v. *Brooke*, 37 Miss. 71; *Whitley* v. *Stephenson*, 38 Miss. 113, 115. The act of 1860 changed somewhat the destina-

tion of the exempt property, by vesting it in the widow and children, she taking jointly with the children. *Wally* v. *Wally*, 41 Miss. 657. The third section of the act of 28th November, 1865, reduced the interest of the widow to a life estate, subject, however, to be defeated by a subsequent marriage.

It has been uniformly ruled, under the several statutes, that the rights which the widow acquired were in no wise dependent upon or affected by the question of whether she had a separate property of her own. That subject is only to be considered as affecting the *quantum* of interest which she would take in the husband's estate through the administrator, or subject to be administered. But the exempt property, both real and personal, is excepted from the operation of the general statute of descents and distributions, and passes to the several beneficiaries, after the death of the exemptionist, as designated in the statute regulating that special property. In *Hardin* v. *Osborne*, 43 Miss. 532, 536, the precise question was as to the character and extent of the interest of the widow in the homestead after the husband's death. It was ruled that she took a life interest, not to the exclusion of the children, if there were any, " but for the use and benefit of herself and children."

Both the act of 1860 and that of 1865 devolve the exempt property upon those who succeed to it, not on the condition that they continue to reside upon it, under pain, if they or any of them cease to occupy, that the creditors of the deceased husband may seize and sell under judgment liens ; but it goes to them utterly liberated from all claim of or liability to such creditors.

The statute does not make the right of the widow dependent on the fact of whether there are children of the decedent surviving him, but was designed to limit and circumscribe her right, if there were. If there are children, they share with her in the enjoyment of the property during her life or widowhood. If there are no children, she takes a defeasible life estate, remainder in fee to the heirs of the husband.

The same view was taken by the Court of Appeals of Kentucky of the statute of that State passed in 1866, analogous to

our statute of 1865. The words are, " And such exemption shall continue after the death of the defendant for the benefit of his widow and children." In *Gasaway* v. *Woods*, 9 Bush, 72, 73, the heirs of the deceased husband contended that, as there were no children, the exempt homestead did " not continue for the benefit of the widow." That contention was rejected, because the " right of the widow under the enactment was not made dependent upon such a contingency."

We are of opinion that the widow, in this case, under the third section of the act of 1865, took a life estate in the entire tract of one hundred and sixty acres, subject, however, to be defeated by her marriage. Upon the termination of that estate the land would descend " as other property descends by the laws of this State." The heirs-at-law show no right to interrupt Mrs. Birmingham in the enjoyment of that estate.

If she should choose to have dower assigned, the effect of that proceeding would not be to limit her right under the third section of the act of 1865. It might have serious results as to the destination of one-half the tract on her death, since her dower would extend to one-half the property in fee-simple. But on that subject we pronounce no opinion.

We reverse the decree and dismiss the bill, but without prejudice to the complainants.