## JAMES McCALEB ET AL. v. JOHN BURNETT.

HOMESTEAD.   *Sale subject to, under code of 1857.   Rights of purchaser.*

M., a widow, being the head of a family, and owning an extensive tract of land, died in 1860, leaving several minor children. In 1867 her estate was declared insolvent, and her land sold, under a decree of the Probate Court, "subject to the homestead exemption for the benefit of the family." The exemption was not set apart. In 1877, B., the purchaser of an interest in the land through said sale, filed his bill for a partition of the land, alleging that the youngest child of M. had become of age, and the homestead exemption had ceased, and that he and his co-tenant were owners of an unincumbered fee in the whole of the land. The children of M. resisted the bill, claiming that in the sale of the land the homestead was excluded, and that B. acquired no interest in it by his purchase. *Held*, that all of the land was sold, and the purchasers became owners in fee of the whole, subject to the rights of the children of M. to possess and occupy the homestead until the youngest became of age, as provided in the Code of 1857, after which the exemption ceased, and the purchasers became entitled to the enjoyment of the whole of the land.

APPEAL from the Chancery Court of Claiborne County.
Hon. THOS. Y. BERRY, Chancellor.
The case is stated in the opinion of the court.
*Martin & McLaurin*, for the appellants.

1. Under article 281 of the Code of 1857, page 529, the children of Mrs. McCaleb held, absolutely exempt from seizure or sale under any execution, judgment, or decree, the homestead allowed them by law. Her estate having been declared insolvent, her lands were decreed to be sold to pay her debts, subject to the homestead exemption. It became the duty of the executor under this decree, and by virtue of article 282 of the Code of 1857, pages 529, 530, to appoint freeholders of the

county to set off the homestead, and to abstain from selling such allotment. "Exemption is absolute freedom from liability to seizure and sale." *Tomlinson* v. *Swinney*, 47 N. H. 267; *Fogg* v. *Fogg*, 46 N. H. 282. See, also, *Perry* v. *Lewis*, 49 Miss. 446; *Wesley* v. *Phipps*, 49 Miss. 798. The failure of the executor to have the homestead set off, either by the election of the beneficiaries thereof or by appraisers, could make no difference; for "the title of the widow and children does not depend upon any action of appraisers." *Wally* v. *Wally*, 41 Miss. 657; *Holliday* v. *Holland*, 41 Miss. 528; *Whitely* v. *Stephenson*, 38 Miss. 115; *Smith* v. *Allen*, 39 Miss. 469; *Hardin* v. *Osborne*, 43 Miss. 533; *Mason* v. *O'Brien*, 42 Miss. 428.

2. The homestead exemption is a fee-simple in all of the children of Indiana McCaleb, both as to John Burnett and the creditors of Mrs. McCaleb, and does not, *ipso facto*, determine upon the arrival of the youngest child at twenty-one years of age. It is not a limited estate, which determines upon the arrival of the youngest child at minority, and then attaches to the residue purchased at the insolvent sale. *Thomas* v. *Thomas*, 45 Miss. 275; *Hardin* v. *Osborne*, 43 Miss. 537; *Whitcomb* v. *Reid*, 31 Miss. 567; *Green* v. *Marks*, 25 Ill. 221; *Bliss* v. *Clark*, 39 Ill. 590.

*J. D. Vertner*, for the appellee.

1. Mrs. McCaleb died in the year 1860. The only law then in force as to homestead exemptions was that of the Code of 1857, on page 529. The statute referred to exonerates from liability for the householder's debts 160 acres, etc., during his occupancy thereof as a residence, and continues the exemption after his death, for the benefit of his family, until the majority of the youngest child. Then the exemption ceases. Such is the plain language of the statute — so plain that there is scarcely room for construction. At Mrs. McCaleb's death, under the Code of 1857, the right vested in her children to occupy the homestead of their ancestress until the youngest child attained majority; and, on the other hand, the right was

by the same law vested in the creditors (through the court), in case of insolvency, to resort to the lands of Mrs. McCaleb and have them sold for the payment of her debts, subject to the right of the children to occupy the homestead for the period above indicated.

2. The homestead exemption could not, in any way, be affected by the statutes on this subject, enacted after Mrs. McCaleb's death. And even if she had been alive at the time of the passage of the later statutes, they could not operate to the prejudice of pre-existing creditors. *Lessley* v. *Phipps*, 49 Miss. 790 ; *Pennington* v. *Seal*, 49 Miss. 518.

CHALMERS, J., delivered the opinion of the court.

Mrs. Indiana McCaleb, who was a widow and the head of a family, possessed of a large real estate, upon which she resided, died in 1860, leaving a number of minor children. Her estate proving insolvent, the lands were sold in 1867 by decree of the Probate Court, and were purchased by L. N. Baldwin. By the terms of the decree the sale was made " subject to the homestead exemption for the benefit of the family." The exemption was not laid off. Baldwin subsequently conveyed the lands to John B. and William C. McCaleb, who jointly held, without division, until the appellee, Burnett, became the owner of the interest of John B. Burnett now seeks a partition with his co-tenant, William C. McCaleb, alleging that the youngest child of Mrs. Indiana McCaleb has now come of age, in consequence of which the homestead right of her children has ceased, and he and his co-tenant have become the owners of an unincumbered fee in the whole lands.

The children admit that they have all become adults, but insist, nevertheless, that Burnett has no interest in so much of the land as is exempt, because he holds derivatively from Baldwin, who purchased, as they contend, only the lands exclusive of the homestead, and, therefore, acquired no interest in that.

This is erroneous. Baldwin purchased the whole land, " subject to the homestead exemption for the benefit of the

family;'' that is to say, he became the owner in fee of the whole tract, subject to the right of the children to possess and occupy the homestead until the youngest child should become of age.   This was the law at the date of Mrs. McCaleb's death, and no subsequent change in the statutes could affect the rights which by that event became fixed.   Code 1857, p. 529.

Under this law the homestead exemption descended to the children, some one of them continuing to occupy it until the youngest became of age.   Upon the arrival of the youngest at the age of majority, the homestead became subject to the debts of the deceased, if there remained any subsisting, and it would then become the duty of the administrator to sell it for the unpaid and unbarred debts.

In the case at bar, however, the sale of the reversion in the homestead took place in advance, the purchaser acquiring the fee, but without right of enjoyment until the termination of the exempt estate of the children.   He stood, therefore, upon the footing of the purchaser of realty which is sold subject to the dower rights of the widow.   He acquired the fee in the whole tract, subject to an incumbrance of a particular estate, as to a portion of it.   Upon the termination of the particular estate, he enters upon the enjoyment of the whole.

Mrs. McCaleb's youngest child having become of age, the homestead exemption has ceased.   If it had been set apart after her death, and excluded from the sale, it would now be liable to her debts, if any valid debts remained.   If there were none, it would be the absolute property of the children, as tenants in common.   But this course was not adopted.   The court, as it had a right to do under the law in force at her death, sold the reversion in advance, and the title of the purchaser and his vendees has now, by the termination of the exemption rights, become absolute to the whole tract.

Decree affirmed.