JULIA A. MORTON ET AL v. W. A. McCANLESS.

1. HOMESTEAD. *Act of* 1865. *Descent.*
    Under the act of 1865 (Laws, p. 137), which provided that on the death of a husband his homestead descended to his widow as the head of the family during her widowhood "for the use and benefit of herself and children," etc., the children became tenants in common therein with the widow during her widowhood, and entitled to the fee at her marriage or death. *Hardin* v. *Osborne,* 43 Miss. 532.

2. SAME. *Sale by guardian. Probate court. Code* 1857.
    And the interest of the children in such homestead, even during the life of the widow, was subject to be sold by the guardian under order of the probate court, just as other lands belonging to them. Code 1857, art. 151, p. 463 ; *McCaleb* v. *Burnett,* 55 Miss. 83.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

This is one of several actions of ejectment brought by appellants to recover lands sold by their guardian under what they contend was an invalid order of the probate court made in 1870. In the case of *Morton* v. *Carroll,* decided at this term (*ante,* p. 699), the proceedings of the probate court resulting in the sale were held to be regular and the validity of the sale affirmed.

This case differs from the others in that the lot in controversy

was the homestead of plaintiff's father, who died intestate in 1869, and it is contended that the children, upon the death of their father, acquired no interest in it which, during the life of the widow, could be sold.

The act of 1865 (Laws, p. 137) provides, "That all the property, real and personal, exempted by the provisions of this act, upon the death of the husband, shall descend to the widow as the head of the family, during her widowhood, for the use and benefit of herself and children, and, in the event of her marriage or death, to descend in like manner as other property descends by the laws of this state."

In this case the order of sale was procured and the sale made by the widow of the intestate, who was also the guardian of plaintiff. She was examined as a witness in this cause, and testified that in making the sale under the order of the probate court she was aware of the informalities in the probate court proceeding, which it was supposed made the sale void, but admitted that she collected the greater part of the purchase-money, and appropriated it to her own use. She explained this conduct by saying that her counsel advised her that the sale would be void as to the interest of the children, and they could avoid the sale when they became of age, and that the price obtained for the lot was not more than her own interest was worth, and she, therefore, kept the money and left the children to contest for their rights when they should attain their majority.

The opinion of the court makes it unnecessary to set out the evidence or instructions. Judgment for defendant, and plaintiff appeals.

*Clayton & Anderson,* for appellants.

Under the act of 1865 the homestead descended to the widow for the *use and benefit* of the children, and not to be sold. The land could not *descend* to the children until after the death of the widow. *Birmingham* v. *Birmingham,* 53 Miss. 613. There was no power in the probate court to order the sale of this land, and the purchaser could not claim that his purchase was in good faith. The

statute of limitation of one year, code 1871, § 2173, could not, therefore, apply to bar an attack on the sale.

*Clarke & Clarke*, on the same side.

The homestead could not be sold by order of the probate court. Where exempt property cannot be sold by the parties themselves, it cannot be sold by the court. Freeman's Void Jud. Sales, § 35. It is exempt from the laws usually governing the estates of decedents and minors, and could not be sold. 38 Miss. 115; 56 Ib. 342. When the probate proceeding was had the title was in the widow, subject, however, to be defeated by a condition subsequent. 43 Miss. 532; 53 Ib. 610.

*Blair & Stribling*, for appellee.

The object of the act of 1865 was not to secure the particular property exempt to the children, but it or its equivalent. The probate court could order it sold if found to be to the interest of the minors. The purpose was to protect the property from creditors of the intestate. The court had jurisdiction, and the sale was valid. *Cummings* v. *Johnson*, 65 Miss. 342.

Argued orally by *W. F. Clarke*, for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

The only question in this case different from those decided in *Morton et al.* v. *Carroll, ante* 699, is as to the validity of an order of the probate court to sell what is alleged and proved to have been the exempt property of the father of the plaintiffs held under the act entitled, " *An act to amend the exemption laws of this state*," approved, November 28, 1865. Acts, p. 137.

The children and their mother were co-tenants of this land, the mother having an interest terminable by her marriage or death, and the children having the fee. *Hardin* v. *Osborne*, 43 Miss. 532.

The interest of the children was subject to sale as any other land owned by them. *McCaleb* v. *Burnett*, 55 Miss. 83. Code 1857, art. 151, p. 463.

The whole object of the exemption law of 1865 was to preserve the property from creditors, and not to affect the power of the

courts to deal with the property as that of the children and heirs of the exemptionist. In the probate court proceedings resulting in the sale of the lands sued for here there was no mention of the land being homestead or exempt property. The contrary is rather suggested by treating the land as subject to the widow's dower, but the blundering ignorance on this subject did not affect the power of the court to deal with it, and fortunately the proceeding was so conducted as to result in a valid order of sale, whereby the wicked and shameful scheme, which the then guardian now swears she had in view, was effectually defeated. We are constrained to believe that her memory is at fault, and that she does great injustice to honorable counsellors, when she states that this scheme was with the knowledge and advice of her lawyers.

The result in this case was right. *Affirmed.*