JUDGE PRYOR
delivered the opinion op the court.
William Blair died in the county of Hickman, without leaving a child or children, the owner of a small tract of land upon which he resided at the time of his death. His wife survived him, and has since intermarried with the appellee Woods.
The present suit was instituted by the appellants, who are the heirs of Wm. Blair, for the purpose of having allotted to the widow her dower in the tract of land left by the decedent, and for a partition of the remainder of the tract between them and the delivery of the possession.
The court appointed commissioners to allot to the widow her dower and partition the land between the appellants. That portion of the land assigned to the widow as dower is of less value than one thousand dollars. Exceptions were sustained to the commissioners’ report for that reason, and the widow adjudged to be entitled to so much of the land, including the homestead, as was of the value of one thousand dollars, and from that judgment this appeal is prosecuted.
By an act approved February 10, 1866, entitled “An act to exempt homesteads from sale for debt” (Myers’s Supplement, 714), it is provided that “there shall be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by .the owner of a homestead or for purchase-money due therefor, so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars.” Section 5 of the same act provides “ that no mortgage, release, or waiver of such exemption shall be valid unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate; and such exemption shall continue after the death of the defendant for the benefit of his widow and children, but shall be estimated in allotting dower.”
*74 The evident intention of the legislature in enacting this homestead law was to make its beneficial provisions apply to the wife as well as the husband, and therefore it is expressly provided by the fifth section of the act that the husband ■shall not sell or encumber the homestead without the consent of the wife, evidenced by the execution of such a writing as would pass her title to any other real estate. Nor is this right to the homestead limited to the life of the husband; but the act in express terms continues the benefit of the exemption to the widow and children after the husband’s death; and if there should be no children, as in this case, the widow is still entitled to the homestead, as her right to the benefits resulting from the enactment is not made to depend upon any such contingency.
If, as insisted by counsel for the appellants, this law is intended to affect the rights of creditors only, and not to prevent the heir from claiming his distributable share of the estate, then the widow could at any time be deprived of her right to the homestead, and the property itself subjected to the payment of the debts of the husband. The recovery by the heirs other than the children of the possession of any part of the homestead would subject it at once to the payment of the decedent’s debts. As there is no provision of the statute making any exemption after the death of the husband except for the benefit of the widow and children, a judgment determining the right of the brothers and sisters of the husband to recover the possession of the land in this case would, in effect, be deciding that the provisions of the act conferred no right of exemption in behalf of the widow when the husband died without children. Such a construction would not only be in conflict with the express language of the act, but with its true meaning and spirit.
The judgment of the court below is affirmed.