CASE 10—PETITION EQUITY—MARCH 16.

# Eustache v. Rodaquest, &c.

### APPEAL FROM McCRACKEN COMMON PLEAS COURT.

1. RIGHT OF ALIENS TO INHERIT.—The act of March 21, 1861, "to allow non-resident aliens who are heirs and devisees to hold and convey real estate," does not repeal nor is it in conflict with section 1, article 3, chapter 15 of the Revised Statutes, but is merely cumulative; nor is that act repealed, either.in terms or effect, by that of March 9, 1867.

2. HOW AN ALIEN MAY TAKE BY INHERITANCE.—Where an alien became a citizen of this state and died intestate and childless, it is held that his sister, an alien and resident of France, may take by descent his real estate under the limitations prescribed in the act of March 21, 1861, subject to the widow's right to a homestead exemption or dower.

3. WIDOW WITHOUT CHILDREN ENTITLED TO HOMESTEAD.—Where a husband dies leaving no children, his widow is entitled to a homestead exemption as against his heirs as well as creditors, to be estimated in allotting dower. (Gasaway v. Woods, 9 Bush, 72.)

4. *Where a widow in her pleading claimed the whole estate* of her deceased husband, and did not specifically assert claim to a homestead, her allegation and prayer are held sufficiently comprehensive to embrace it.

R. K. WILLIAMS, ⎱  . . . . . . . . . For Appellant,
J. B. HUSBANDS, ⎰
                 CITED
      3 Littell, 474, Elmendorf v. Carmichael.
      2 Met. 185, White v. White.
      Revised Statutes, chap. 15, 1 Stanton, 239.
      General Statutes, chap. 14, art. 3, p. 191.
      Act of March 21, 1861, Myers's Supp. 85.
      Act of April 9, 1867, Session Acts, vol. 1, p. 98.

KING & CAMPBELL, ⎱  . . . . . . . . For Appellees,
LEWIS N. DEMBITZ, ⎰
                 CITED
      Act of March 21, 1861, Myers's Supp. 85.
      Williams on Executors, p. 368.
      Comyns' Digest, Adm'r, B. 6.
      7 Coke, 33, Calvin's case.
      3 Wheaton, 563, Craig v. Leslie.
      2 Humph. 537, Polk v. Ralston.
      14 Mo. 526, Greenia v. Greenia.
      21 Iowa, 538, Greenheld v. Morrison.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

This suit in equity was commenced on the 14th of December, 1871, by Virginia Eustache, against James I. Potter, administrator of her late husband, P. V. Eustache, for a settlement of the estate of decedent and for distribution. During its progress, on the 7th of February, 1873, Mrs. M. Rodaquest filed her petition to be made a defendant, claiming the estate, real and personal, of decedent as his only heir. She was made a defendant and her petition taken as an answer and cross-petition against the widow and the administrator of decedent.

The suit against the administrator was premature and wholly unnecessary, unless it was to have the funds in his hands properly disposed of during the litigation between the

other parties, as he discharged his duty with fidelity, and was prompt in the settlement of his accounts; but the controversy was animated between the widow and Mrs. Rodaquest, the sister of decedent; and the court below, on final hearing, having adjudged that the latter was, as heir of decedent, entitled to the estate, subject to the dower interest of his widow, she has appealed to this court.

The following facts were agreed by the parties: That appellant is a native of the United States, a citizen of Kentucky, and the widow of decedent; that her husband died on the 16th of April, 1871, a citizen and resident of McCracken County, Kentucky; that he died intestate and childless, never having had any issue; that he was a native of France, and came to the United States when about sixteen years of age, and was sixty-six years old when he died; that he had voted at various elections in Kentucky; that his parents were natives of France, never resided in the United States, and are both dead; that said P. V. Eustache had but one sister when he died, had no brother nor descendant of brother or sister, and he survived both his parents; that his sister never resided in the United States, but lived in France, the place of her nativity, all her life; that her name is Mrs. Mary Rodaquest, a party hereto, and that she has one or more children.

The heritable rights of Mrs. Rodaquest depend upon and must be determined by the statutes of this state on the subject.

Section 1, article 3, chapter 15, R. S., provides that an alien, not being an enemy, *who shall have actually resided in this state two years* shall, during his residence after that period, be enabled to receive, inherit, hold, and pass by descent, devise, or otherwise any interest in any real or personal property in the same manner as if he were a citizen of this state. As appellee has never resided in the United States she can not therefore under that statute take the estate by descent from her brother.

By an act approved 21st March, 1861 (Myers's Supp., pp. 85, 86), entitled "An act to allow non-resident aliens who are heirs and devisees to hold and convey real estate," it is provided that it shall be lawful for any non-resident alien to acquire real estate in this state by descent or devise, and to hold, sell, alienate, and convey the same as if he or she were a citizen of the United States; but the time during which such alien may thus hold, sell, alienate, and convey said real estate shall expire eight years after final settlement of the decedent's estate.

This act does not repeal nor is it in conflict with the section of the Revised Statutes cited; it confers the right on non-resident aliens to inherit real estate, but they must sell and convey the title thereto within eight years after the final settlement of decedent's estate; whereas by the first-named statute no alien could inherit real estate here unless he had had an actual residence in the state for the period of two years. This act is not in conflict with the Revised Statutes, but is cumulative merely. On the 9th of March, 1867, an act was passed entitled "An act to amend chapter 15 of the Revised Statutes, title Citizens, Expatriations, Aliens," which provides that section 1, article 3, chapter 15 of the Revised Statutes, title Citizens, Expatriations, Aliens, be so amended that said section shall read as follows: An alien, not being an enemy, shall, after he has declared his intention to become a citizen of the United States, according to the forms required by law, be enabled to recover, inherit, hold, and pass by descent, devise, or otherwise, any interest in real or personal property in the same manner as if he were a citizen of this state. (1 Sess. Acts, 98.)

This statute does not in terms nor in effect repeal the statute of 1861, *supra;* that act confined the inheritance to real estate and limited the time within which it should be alienated, whereas the act of 1867 embraces both personal and real estate, with the absolute right to hold them.

The act approved January 31, 1871 (1 Session Acts, 1871), has no application to this case. It results from the statutes governing the case that the sister is the heir of decedent, though a non-resident alien, and may take by descent the *real estate* left by him under the limitations prescribed by the act of 1861, *supra*, subject, however, to the homestead right of his widow, the appellant.

This court in Gasaway, &c. v. Woods, &c. (9 Bush, 72), under an act approved February 10, 1866, entitled an act to exempt homesteads from sale for debt (Myers's Supp., p. 714), decided that in enacting this law it was the evident intention of the legislature to make its beneficial provisions apply to the wife as well as the husband; and therefore it is expressly provided by the fifth section of the act that the husband shall not sell or encumber the homestead without the consent of the wife, evidenced by the execution of such a writing as would pass her title to any other real estate. Nor is this right to the homestead limited to the life of the husband, but the act in express terms continues the benefits of the exemption to the widow and children after the husband's death; and *if there should be no children, as in this case, the widow* is still entitled to the homestead, as her right to the benefits resulting from the enactment is not made to depend on any such contingency; and the court decides in the case cited that the rights of creditors, as well as the rights of brothers and sisters who were the heirs of the decedent, were subordinate to the right of the widow to her homestead; and the court below in that case having adjudged to the widow so much of the land of her deceased husband, including the homestead, as was of the value of one thousand dollars, this court affirmed the judgment.

Appellant, in her pleadings, claimed the whole estate of her deceased husband, and although she did not assert her claim to her homestead specifically, her allegations and prayer are suffi-

ciently comprehensive to embrace it. The court below there-fore erred in adjudging to appellant only a dower interest in the real estate of her husband and an equal share of the per-sonal estate with the heir. She is entitled to the whole of the personalty, after the payment of debts, and so much of the land, including the homestead, as shall be of the value of one thousand dollars.

Wherefore the judgment is reversed and the cause is re-manded, with directions to render judgment and for further proceedings consistent herewith.