CASE 10—PETITION EQUITY—JAN. 14.

## Brooks, &c. v. Collins.

APPEAL FROM BOONE CIRCUIT COURT.

1. WHO IS A BONA FIDE HOUSEKEEPER WITH A FAMILY?

   A debtor being a *bona fide* housekeeper occupying land as a homestead with his wife or children, adults or infants, or with his brothers or sisters, parents, or grandparents, or grandchildren, or those dependent upon him, and whom, by reason of his relation to or connection with, he is under natural or legal obligations to maintain, must be regarded as a *bona fide* housekeeper with a family, and entitled to a homestead.

2. A WIDOW OCCUPYING A HOUSE AND LOT AS HER HOMESTEAD, with two adult children living with her, is held to be a *bona fide* housekeeper with a family, and her house and lot, worth less than one thousand dollars, not liable for her debts.

3. THE OWNER CONVEYED A PART OF A LOT OCCUPIED AS A HOMESTEAD to her children for a nominal consideration. *Held*, that the lot was not liable for her debts, and that she had a right to convey it to her children.

4. PART OF THE HOMESTEAD WAS CONDEMNED BY A RAILROAD COMPANY and damages assessed paid into court. *Held*, that the owner of the homestead was entitled to the damages, and that they could not be subjected to the payment of her debts by her creditors.

D. A. GLENN, . . . . . . . . . . . . For Appellants,

CITED

General Statutes, sec. 9, p. 433; sec. 14, p. 434.
6 Bush, 111, McMurray v. Shuck.
1 N. Bank. Rep. 414, *In re* Cobb.
3 N. Bank. Rep. 158, *In re* Taylor.
9 Bush, 74, Gasaway v. Woods.
11 Bush, Eustache v. Rodaquest.

J. M. COLLINS, . . . . . . . . . . . For Appellee,

CITED

Myers's Supp. p. 715.
General Statutes, chap. 38, art. 13, secs. 14, 15, p. 434.

1 Bush, 110, Anthony & Co. v. Wade.
6 Bush, 448, Thorn v. Darlington.
6 Bush, 111, McMurray v. Shuck.
2 Duvall, 256, Mulliken v. Winter.
7 B. Mon, 586, Collett v. Jones.
15 B. Mon. 453, Gunn v. Gudehus.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee filed his petition in equity in the Boone Circuit Court, alleging that he had recovered a judgment at law against the appellant, Sidney Brooks, for one hundred and forty-one dollars, with interest from the 4th of February, 1869, and costs; that an execution issued on the judgment, and was returned by the officer in whose hands it was placed for collection "no property found;" that the appellant, being the owner in fee-simple of a house and lot in the town of Walton, on the 30th of October, 1870, conveyed a portion of said lot, for the nominal consideration of one dollar, to her two children, Alice Fishback and J. L. Brooks.

His debt at the time of the conveyance being a subsisting debt, and the appellant owning no other estate, he asked the chancellor to subject this fraction of the lot conveyed to the children, as well as the lot upon which the appellant lived, to the payment of his debt.

The defendants answered, denying all fraud, and alleging that the whole lot was not at any time worth exceeding one thousand dollars, and therefore not subject to appellee's debt or to levy and sale under his execution, the appellant being a housekeeper with a family, and living upon the property as owner at the time the petition was filed and for more than twenty years prior thereto.

The appellee amended his petition, stating that since the institution of his action a part of appellant's lot had been condemned by the Cincinnati Southern Railroad Co. for a part of its road-bed, and the appellant had been allowed one hundred and sixty dollars in damages that was then due her by the com-

pany, and asked that this fund be attached and the money paid over to him in satisfaction of his debt.

This money was paid into court, and upon the final hearing of the case the court adjudged that the appellant was not a *bona fide* housekeeper with a family, and directed the money paid into court by the railroad company to be paid to the appellee, and thereupon he received the same in full satisfaction of his debt.

It appears from the evidence that Mrs. Brooks was the owner of the house and lot of ground, and had been in the actual possession of it for more than twenty years, and was living upon it with her family at the time the judgment for the debt was rendered and at the filing of the present action. The proof also indicates clearly that the whole property, including the part of the lot conveyed to her children, and adding to it the debt due by the railroad company, would not exceed in value seven or eight hundred dollars. The husband of the appellant had been dead for many years. They had five children, all of whom were born during the period the appellant owned and was in the possession of the house and lot in controversy. Four of the children are now living, and all of age; two of them were living with appellant at the institution of the action, and one, Alice, a widow, made her mother's home her residence after this action had been brought.

These children were all of age when the appellee obtained his original judgment, and for that reason it is argued the appellant was not a housekeeper with a family within the spirit and meaning of the law exempting homesteads from sale under execution.

Counsel for the appellee maintains that the cases of Thorn against Darlington and McMurray against Shuck, reported in 6 Bush, settle this question, and sustain the judgment of the court below.

In the case of Thorn v. Darlington the husband, for the

benefit of his family, asserted his claim to a homestead as against the mortgagee, for the reason that his wife had not united in the mortgage.

In applying the law to the facts of that case the court held that the leading object of the statutory exemption was "to secure to the wives and children of debtors humble homes against disturbance of families by creditors;" and the wife, having failed to unite with the husband in the mortgage, he was entitled to a homestead.. If the husband had owned this lot instead of the wife, and left her in possession without children, she would have been entitled to a homestead as against the husband's creditors. So that the statute was intended to secure a home for the wife of the debtor as well as the children. It is unnecessary, however, to pursue this inquiry or to determine the rights of the wife in the property left by the husband at his death; the wife surviving him and owning the land in her own right, it is liable for her debts unless exempt from sale under the homestead act; and we see nothing in the case referred to militating against the right of appellant to a homestead in the present action.

In the case of McMurray v. Shuck the debtor was a housekeeper and unmarried. He had living with him his unmarried sister and two brothers, all under twenty-one years of age and without the means of support. This court held that he was entitled to the benefit of the articles exempt from execution, and that the court below properly refused to allow provision to be made for a brother residing with him over twenty-one years of age; but that in setting apart the provision, etc., as required by the statute, it was proper to include the younger brothers and sister as members of the family. There was no legal obligation resting on the debtor in that case to maintain his brothers and sister, certainly no higher obligation to provide for them than the mother is under to provide for her widowed daughter.

VOL. XI.—41

The law was intended not only to provide for the family of the debtor, but for the debtor himself. It is not necessary that there should be infant children residing with the debtor to constitute him a *bona fide* housekeeper with a family. Under the statute of descent and distribution as found in the Revised Statutes the property set apart was for the widow and infant children residing with her; and if no infant children, the widow was charged with the value of the property in the final distribution. This rule has been changed by the General Statutes, and the appraisers are now required to set apart a sufficiency of provision for the widow, although there may be no infant children, and she is not held accountable for its value in the distribution. (General Statutes, sec. 11, chap. 31.)

This law in regard to distribution does not in any manner affect the rights of the debtor under the law exempting property from sale under execution. Although the property exempt from distribution may be exempt also from execution, still if the debtor is a *bona fide* housekeeper with a family, with or without children, adults or infants, he is entitled to the benefit of the exemption laws. He should not be allowed, when the creditor levies his execution, to have set apart to him a sufficiency of provisions to support those of the adult children who are not dependent on him for a support or able to maintain themselves; but with such a family, even if the children should be all of age, he is entitled to the benefit of the exemption and a sufficiency of provisions to maintain himself for one year and those of his children who are not able to support themselves.

The word *family* as defined by Bouvier is "father, mother, and children;" and again it is defined, "All the relatives who descend from a common ancestor or who spring from a common root." This meaning may be too restricted in the one case and too enlarged in the other to be applied in the construction of these wise and salutary enactments.

Section 6 of article 13 of chapter 38, General Statutes, reads: "The following property shall be exempt from execution, attachment, distress, or fee bill against a bona fide housekeeper *with a family* resident within this commonwealth," etc. The provisions of the same chapter also exempt a homestead from sale not exceeding in value $1,000, where the land is occupied by the debtor as a homestead and was owned by him prior to the creation of the debt or liability.

The evident purpose and meaning of the law-making power in placing this exempted property beyond the reach of creditors was to enable the head of the household to provide for himself and his family, or those who are living with him and dependent upon him for a support; and the debtor being a *bona fide* housekeeper, and occupying the land as a homestead with his wife or his children, adults or infants, or with his brothers and sisters, father and mother, grandfather or grandmother, or those dependent upon him, and whom, by reason of his relation to or connection with, he is under a natural or legal obligation to maintain, must be regarded as a *bona fide* housekeeper with a family, and entitled to a homestead.

The proof in this case conduces to show that the whole property, including the part of the lot conveyed by the appellant to her daughter, did not exceed in value $800; and the appellant being entitled to it as a homestead, the conveyance to the daughter did not affect the rights of creditors. If not liable for appellant's debts, she had the right to give it to her children.

The appellee must therefore refund the money received by him under the order of the court in satisfaction of his debt.

The judgment is reversed and the cause remanded, with directions to dismiss the petition.