CASE 84—HOMESTEAD—JANUARY 17, 1884.

# Gay v. Hanks.

APPEAL FROM POWELL CIRCUIT COURT.

1. Although the infant child, which the widow had at the time of her husband's death, died soon afterwards, yet she is entitled to a homestead in the land of her husband.

2. Her right to the homestead is not impaired by the death of the child, but continues so long as she occupies it.

W. H. HALL FOR APPELLANT.

By the statute the homestead is not limited during the life of the husband, but by its express terms it is continued for the benefit of the widow and her children. If she have no children, or, having them, they die, still the homestead is continued to her. (Civil Code, secs. 99, 134; Brooks v. Collins, 11 Bush, 622; Myers v. Supp, 715; Gen. Stats., chap. 38, art. 13, secs. 13, 14, 16; Acts 1876, vol. 1, p. 70; Gassaway v. Woods, 9 Bush, 72; 11 *Ib.*, 42.)

No brief for appellee.

Gay v. Hanks.

This court, in the case of Gassaway v. Woods, &c. (9 Bush, 72), in construing the act entitled "An act to exempt homesteads from sale for debt," approved February 10, 1866, held that the act, in express terms, continues the benefit of the exemption to the widow and children after the death of ·the husband; and if there should be no children, the widow is still entitled to the homestead, as her right to the benefits .resulting from the enactment is not made to depend upon any such contingency.

The General Statutes were enacted after that case was ·decided, and by section 14, article 13, chapter 38, it is pro-vided that the homestead shall be for the use of the widow so long as she occupies the same; and the unmarried infant ·children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age. That provision is in harmony with the decision rendered in the case of Gassaway v. Woods, and under it the widow is entitled to the homestead, whether the husband leaves infant ·children or not.

The act entitled "An act to amend section 16, article 13, ·chapter 38, of the General Statutes, approved March 15, 1876, as is shown by the title, as well as by the language used in the body of it, was intended to amend section 16 only, but not to change in any respect section 14, or to affect the rights secured by it to widows.

The husband of appellant acquired title to the land in ·controversy in this case, and was occupying it as a *bona fide* .housekeeper with a family before the debt was created, for -the payment of which it was adjudged to be sold, and con-tinued to so occupy it until he died.

He left at his death appellant, his widow, and an infant

child, who died within a few weeks after his father; but the right of appellant to the homestead was not impaired by reason of the death of the infant, but continues so long as she occupies it.

By law, the land may be sold, subject to the homestead right of appellant, for the purpose of paying the debts of her husband; but it was error in the court to adjudge her entitled only to dower, and direct the land sold subject to her right of dower.

The judgment is therefore reversed and cause remanded, with direction to set apart to appellant as her homestead the land, or so much thereof, including the dwelling-house and appurtenances, as does not exceed in value one thousand dollars, and for further proceedings consistent with this opinion.

CASE 85—HOMESTEAD—JANUARY 18, 1884.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.