CASE 83—HOMESTEAD—JANUARY 15, 1885.

## Loyd, &c., v. Loyd.

APPEAL FROM DAVIESS CIRCUIT COURT.

Infant children are entitled to a homestead in the real estate of their father, against their adult brothers and sisters, and also against the creditors of the decedent, whether their mother be living or not.

R. W. SLACK FOR APPELLANTS.

The court below erred in refusing to appellants a homestead in their father's land upon the ground that their mother was dead. (Gen. Stat., chapter 38, article 13, section 14.)

JOLLY & TODD FOR APPELLEE.

The homestead act had for its sole object the protection of poor debtors and their families. As between the heirs themselves, it is wholly inoperative.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action by Jarrett and Jasper Loyd, unmarried infant children of Jarrett Loyd deceased, who sue by their statutory guardian to have set apart to them a homestead out of a tract of land of which their father died the owner.

It is alleged in the petition that their father died in 1875 intestate leaving eight children, but no widow, surviving him, all of whom were of full age except the

plaintiffs; that at the time he died he was a *bona fide* housekeeper with a family, owning and occupying a tract of land containing about two hundred acres, of which fifty acres have been sold under judgment of court to pay debts against his estate. It is further alleged that since his death four of his children have sold their undivided interests in the residue of the land to one Stephens, and the remaining half belongs to the plaintiffs and their sister, Susan, and brother, Samuel Loyd, both of whom, together with Stephens, are made defendants to the action.

Summons appears to have been served only upon Susan Loyd, who filed a general demurrer to the petition, which was sustained, and she is the only appellee before this court.

The question presented is whether appellants, the facts stated in their petition being true, are entitled by law to a homestead right in the unsold part of the land left by their father to all his children.

Their claim is not disputed by any creditor of the estate of their deceased father, but the contest is between them and Stephens, the purchaser, and the two joint heirs who still retain their shares in the land.

The determination of the question depends upon the construction to be given to that portion of article 13, chapter 38, General Statutes, relating to homestead exemption, and particularly to section 14, which is as follows:

"§ 14. The homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmar-

ried child arrives at full age. But the termination of the widow's occupancy shall not affect the right of the children ; but said land may be sold subject to the right of said widow and children, if a sale is necessary to pay the debts of the husband."

It is contended by counsel that the statute was made to protect poor debtors and their families from creditors, and that the Legislature has not anywhere shown an intent to affect the laws of descent, or those regulating the partition of land.

The title of the original homestead act, approved February 10, 1866, was "An act to exempt homesteads from sale for debt." Nevertheless it was expressly provided in the last clause of section 5, of that act, that "such exemption shall continue after the death of the defendant for the benefit of the widow and children, but shall be estimated in allotting dower." And this court, in the case of Gassaway v. Wood, 9 Bush, 72, construing that act, held that the widow, even if there be no children, is still entitled to the homestead, her right to the benefits resulting from the enactment not being made to depend upon such a contingency.

In that case the husband had died, leaving no children, and the controversy was directly between his widow and heirs at law as to her right to a homestead in the land left by him. There it was contended, as in this case, that the law was intended to affect the rights of creditors only, and not to prevent the heir at law taking his share of the estate.

But this court held otherwise, using the following language :

"As there is no provision of the statute making an

exemption after the death of the husband, except for the benefit of the widow and children, a judgment determining the right of the brothers and sisters of the husband to recover possession of the land in this case, would, in effect, be deciding that the provisions of the act conferred no right of exemption in behalf of the widow, when the husband died without children. Such a construction would not only be in conflict with the express language of the act, but with its true meaning and spirit."

After that decision the General Statutes were adopted, section 13 of the article relating to homestead exemption being identical with section 5 of the act of 1866, but section 14, just quoted, was added.

The question, then, naturally arises, what was the object of the Legislature in adopting section 14 as an amendment to the original act? It could not have been to either add to or define with more certainty the rights of the widow; for they already existed under section 5 of that act, as construed by this court, as fully and clearly as they do now under section 14.

Although it is somewhat difficult to perceive why the rights of the children to the benefit of homestead exemption was not, under section 5 of the act of 1866, as absolute as that of the widow, still the nature and extent of their rights had not, before the adoption of the General Statutes, been judicially ascertained and determined. And it is therefore reasonable to conclude that one object at least of section 14 was to define and make certain, if not to enlarge, the rights of infant children under the homestead law.

By section 5 of the original act, it was provided that

the exemption should continue after the death of the debtor for the benefit of his widow and children generally. But section 14 restricts the right to unmarried infant children, who, in the language of that section, shall be entitled to a joint occupancy with the widow until the youngest unmarried child arrives at full age. And that right can not be affected by the termination of the widow's occupancy, whether it be on account of her death or abandonment.

The law does not in terms make the right of the children depend upon the contingency of there being a widow at the death of their father, nor is it susceptible of that meaning. On the contrary, inasmuch as the right of the widow under the original act had been held by this court not to depend upon the contingency of there being children left at the death of her husband, it is a fair inference that the Legislature intended, by giving to the infant unmarried children a right to a joint occupancy with her which could not be affected by a termination of her occupancy, to place them on an equal footing with her, and to give them the right not dependent upon there being a widow at the death of their father. For the same reason that there is for continuing the right to the infant unmarried children, after the termination of the widow's occupancy, exists with equal force for giving them the right in the first instance, though there be no widow when their father dies.

There is, by law, certain personal property exempt from distribution and directed set apart to the widow, whether there be infant children or not. But, if there is an infant child or children, and no mother surviving,

the law requires the same articles to be set apart for the support of such infant children.

The reason for extending the benefits of the homestead law to the infant children is the same as that for exempting personal property, which is their support while in a helpless and dependent condition.. And it is, therefore, to be presumed that the Legislature did not intend in one case to give to the infant children the absolute right to the benefit of exempted property, and in the other make it contingent.

In our opinion, therefore, appellants, according to the statements in their petition, are entitled to the same right under the homestead law that they would have been if their father had died leaving a widow ; and the court erred in sustaining the demurrer.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.