## J. W. HIGGINBOTHAM *v.* J. W. & E. MEADOWS.

[Abstract Kentucky Law Reporter, 'Vol. 6—661.]

**Infant Children's Homestead Right.**

> Infant children are entitled to a homestead in the land of their father, although he left no widow, as against either creditors or his adult children.

### APPEAL FROM RUSSELL CIRCUIT COURT.

March 26, 1885.

OPINION BY JUDGE HOLT:

The statute exempting a homestead provides that it shall be for the use of the widow, so long as she occupies it, and that the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried one shall become of age; and that the termination of the widow's occupancy shall not affect the right of the children.

While the language of the statute might have been more express thereby rendering the legislative intent certain beyond all question,

yet it can not be presumed that it was intended to make the rights of helpless children under this beneficient statute depend upon the mere fact that the widow survived the husband. If she did not there would be the more reason why they should be entitled to it owing to their more dependent condition.

It was held in the case of *Gassaway et al. v. Woods et al.*, 9 Bush 72, that the right of the widow to the homestead did not depend upon whether the husband left infant children. The rights of both his creditors and heirs are subordinate to her right, and there is no reason why the same rule of construction should not apply where there are infant children, and no widow. *Eustache v. Rodaquest et al.*, 11 Bush 42.

It is earnestly urged, however, that the exemption law was intended to apply only in cases where the homestead would be seized for the payment of the debts of the father, but for the exemption; and that if allowed to the infant heirs as against the adults where there is no indebtedness it then alters the law of descent and distribution. The paramount object of the statute was to provide a home for the widow and infant children because of their helpless condition, and to hold that they are not entitled to it as against the adult heirs would in effect destroy the law. If the adult children could deprive them of it, then so soon as obtained by the former or divided out among the heirs it could be subjected to the debts of the father and if the rights of the adults could thus intervene the object of the law would at once be defeated.

The statute provides that the homestead shall be estimated in the allotment of dower to the widow, and if the legislation be charged to the infant children in the division of the estate, as it was giving them an additional right, it would doubtless have been so provided.

But it is useless to pursue this inquiry further because the precise question now presented was determined in the case of *Loyd &c. v. Loyd*, 82 Ky. 521, and it was there held that the infant children were entitled to a homestead in the land of their father, although he left no widow, as against either creditors or his adult children, and we see no reason for departing from the construction adopted in that case.

Under the testimony in this case the decedent was at the time of his death, in our opinion, a housekeeper with a family, residing

upon the land in contest, and if in doubt as to it we would not feel authorized to disturb the judgment of the lower court as to this question of fact.

Judgment *affirmed.*

*J. Knox Frazer, for appellant.*

*Montgomery & Jones, for appellees.*