Ellis v. Davis.

CASE 30—PETITION ORDINARY—APRIL 26.

# Ellis v. Davis.

APPEAL FROM KENTON CIRCUIT COURT.

1. THE HOMESTEAD OF THE WIFE CONTINUES AFTER HER DEATH FOR THE BENEFIT OF THE SURVIVING HUSBAND so long as he continues to occupy it, although there are no children, and although the husband has no family living with him; and this right exists as against the heirs of the wife, as well as against creditors.

2. WHAT CONSTITUTES A "FAMILY" WITHIN MEANING OF HOMESTEAD LAW.—One whose family consists only of himself and a housekeeper is not a *bona fide* housekeeper "with a family" within the meaning of the homestead law, and is, therefore, not entitled to a homestead in his own right.

A. C. ELLIS AND D. A. GLENN FOR APPELLANT.

1. In an action of ejectment equitable matter can not be pleaded as a defense. (Coleman v. Casey, 1 Mar., 440; Stinebaugh v. Wisdom, 13 B. M., 468.)

2. Upon the death of the wife the husband is not entitled to a homestead in her land, either as against a creditor or the legal heir to the estate, unless he is a *bona fide* housekeeper with a family; and the person or

| 90 | 183 |
| 92 | 6 |
| 90 | 183 |
| 96 | 594 |
| 90 | 183 |
| 106 | 748 |
| 90 | 183 |
| 112 | 299 |
| 90 | 183 |
| 120 | 805 |
| 90 | 183 |
| f133 | 381 |

persons residing with him, and constituting such a family, must be
those whom he is under a moral or legal obligation to support.
(Washburne on Real Property, vol. 1, p, 343; Gunn v. Gudehouse,
13 B. M., 468; Seaton v. Marshall, 6 Bush, 480; Brooks v. Collins, 11
Bush, 622; Miles v. Hall, 12 Bush, 105; Little's Guardian v. Wood-
ward, 14 Bush, 588; Allensworth v. Kimbrough, 79 Ky., 332; Bell
v. Keach, 80 Ky., 44; Lloyd v, Lloyd, 6 Ky. Law Rep., 551; Riley
v. Smith, 9 Ky. Law Rep., 615; Carter v. Adams, 9 Ky. Law Rep.,
91.)

ORLANDO P. SCHMIDT for appellee.

The surviving husband has the same rights in the homestead owned by
the wife that the widow has in the homestead owned by the husband,
and to entitle him to the continuance of the exemption it is not neces-
sary that he should be a *bona fide* housekeeper with a family. (Gen.
Stats., chap. 38, secs. 14, 15, 16, and amendment of March 15, 1876;
Gasaway v. Woods, 9 Bush, 72; Eustache v. Rodaquest, 11 Bush, 46;
Miles v. Hall, 12 Bush, 105; Little's Gd'n v. Woodward, 14 Bush,
585; Gay v. Hanks, 81 Ky., 553.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

In October, 1882, the wife of the appellee, Albert
Davis, acquired the land in contest. They occupied
it as a homestead until November, 1885, when she
died.    It is worth less than one thousand dollars.
They had no children.    The two brothers of the wife
were her only heirs.    One of them conveyed his in-
terest in the land to the other, who is the appellant,
Andrew Ellis.    He brought this action against the
appellee, who, after the death of his wife, continued
to live upon the land as a housekeeper, and now
claims the right to it as a homestead so long as he
continues to occupy it.

The wife never having had any issue born alive, the
husband has no estate by *curtesy* in the land, and no
interest, unless it be a homestead right.    The single
·question, and which now, for the first time, is pre-

sented to this court, is, does the homestead, the title
to which is in the wife, continue after her death for
the benefit of the surviving husband, although there
are no children?

The right to the exemption is a statutory one, and
we must, therefore, turn to the statute for guidance.
If the appellee's right to it depends upon his being
a *bona fide* housekeeper, *with a family*, upon the
land, then his claim to it must fail. This court has
repeatedly decided that one can not be so regarded,
unless there are those living with him who not only
bear a dependent relation to him, but whom he is un-
der a natural or legal obligation to maintain. (Brooks,
&c., v. Collins, 11 Bush, 622.)

The answer of the appellee avers that he is, and
has been since the death of his wife, a *bona fide*
housekeeper upon the land, and that "his family has
consisted of himself and a housekeeper."

Section 9, article 13, chapter 38, of the General Stat-
utes, provides: "In addition to the personal property
exempt from execution by this chapter, there shall,
on all debts or liabilities created or incurred after the
first day of June, 1866, be exempt from sale under
execution, attachment or judgment of any court, ex-
cept to foreclose a mortgage given by the owner of a
homestead, or for purchase money due therefor, so
much land, including the dwelling-house and appur-
tenances owned by the debtor, as shall not exceed in
value one thousand dollars;" and section 16 of the
same article says: "The exemption provided for in
this chapter shall apply to all persons, of any race
or color, who are actual *bona fide* housekeepers, *with
a family*, of this Commonwealth."

Accepting the averment of the appellee's answer as true, yet manifestly he is not, under the rule laid down by this court, a "*bona fide* housekeeper *with a family*." It is urged, however, that upon the death of 'a husband who has a homestead right, it, by the terms of the statute, continues for the wife so long as she may occupy it as such, and that the husband has the same right in the homestead of the deceased wife without regard to whether or not the survivor has a family living with him or her. In other words, that the right in such a case is derivative, not depending upon whether the claimant has a family, and that this requirement as to a family applies to the creation of the right at the outset in the husband or the wife, and not to the continuance of it in the survivor. In this view we concur, and it is supported by the construction heretofore given by this court to the section of the statute relative to the right of the wife in the homestead of her deceased husband.

What is known as the "homestead act" became a law February 10, 1866. As originally enacted, it merely provided : "Such exemption shall continue after the death of the defendant for the benefit of his widow and children, but shall be estimated in allotting dower." (Myers' Supplement, page 715.) It gave the husband no homestead right, in any event, in the homestead of the deceased wife. There was no condition in it as to occupancy by the widow, nor was the right of the children limited to their infancy. When the General Statutes were adopted in 1873 the law was enlarged, and the rights of the widow and children further defined.

Chapter 38, article 13, contains these provisions:

Section 13.   *   *   *   "Such exemption in favor of an execution debtor, or one against whom judgment has been rendered, shall continue after his death for the benefit of his widow and infant children, but shall be estimated in allotting dower."

Section 14. "The homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age; but the termination of the widow's occupancy shall not affect the right of the children; but said land may be sold, subject to the right of said widow and children, if a sale is necessary to pay the debts of the husband."

Section 15. "The homestead of a woman shall, in like manner, be for the use of her surviving husband and her children situated as above, and when his and their interest ceases, it shall be disposed of in like manner, and the proceeds applied on the same terms to her debts; if none, divided among her children."

It is urged that the Legislature was moved to make the exemption to prevent the disturbance of *families* by creditors, and to save humble homes for wives and children.   It is doubtless true that this humane and politic purpose led to the passage of the original law.   This court has often said so; but in construing the statute it decided, in the case of Gasaway, &c., v. Woods, &c., 9 Bush, 72, that the widow is entitled to the exemption, if there be no children, and that her right is not made to depend upon any such contingency.   This case has been followed by Eustache

v. Rodaquest, &c., 11 Bush, 42, and Gay v. Hanks, 81 Ky., 552.

The case in 11 Bush also decides that the exemption applies against heirs as well as creditors. It may, therefore, be regarded as fully settled that, under the statute, the exemption continues for the widow, although there be no children, so long as she occupies the homestead left by the deceased husband. This may also be accepted as a construction of the statute conforming to the legislative intent, and as being its true meaning and spirit, because, although the case of Gasaway, &c., v. Woods, &c., *supra*, was decided nearly twenty years ago, and has been followed by other cases to the same effect, the law has remained unchanged.

By parity of reasoning it follows that a like construction must be applied to the section relating to the right of the husband in the homestead of the deceased wife, because it and the section relative to her right in the homestead left by him are the same in substance. Undoubtedly the Legislature had the right to so provide. It was a matter within the discretion of the law-making power; and in view of the language of the three sections, and the long continued construction given by this court to the one giving the widow a homestead right, it can not be doubted that the Legislature intended to put both the husband and the wife upon the same footing as to the homestead.

It is not our province to inquire what reason induced such action upon the part of the Legislature. The widow has dower in the lands of the husband without

regard to whether issue be born to them. The law under consideration provides that the exempt homestead shall be estimated in allotting dower to her. The husband, upon the other hand, has no estate by the *curtesy* in the wife's land unless issue be born alive to them. This difference in their relative rights may, in part at least, have induced the Legislature to give him a homestead right in the homestead left by her, although there are no children, thus affording to him, in needy old age perhaps, a shelter and a home.

The judgment of the lower court accords with the view of the law as herein expressed, and it is affirmed.