CASE 2—PETITION EQUITY—SEPTEMBER 12.

# Stults v. Sale.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

HOMESTEAD.—While it is essential to the creation of the homestead right that the debtor should have a family, it is not essential to the continuance of the right. Therefore, where a debtor has once acquired the right to the exemption of a homestead, the loss of his family, as by death or marriage, does not deprive him of the right.

A. C. RUCKER, C. B. SEYMOUR FOR APPELLANT.

1. The appellee was not a housekeeper with a "family" within the meaning of the statute. (Brooks v. Collins, 11 Bush, 625; Carter v. Adams, 9 Ky. Law Rep., 91; Riley v. Smith, Ky. Law Rep., 616; Ellis v. Davis, 11 Ky. Law Rep., 893.)
2. The ceasing to have a family put an end to the exemption. (Cooper v. Cooper, 24 Ohio Stat., 488.)
3. Exemptions are allowed for the benefit of the debtor's family, and not for his own benefit. (McMurray v. Shuck, 6 Bush, 111; Thorn v. Darlington, 6 Bush, 449; Bell v. Keach, 80 Ky., 47.)

ABBOTT & RUTLEDGE FOR APPELLEE.

1. While a homestead can not be acquired, except by a housekeeper having a family, yet when once acquired it is not defeated by the death or absence of his wife and children. (Gen. Stats., chap. 38, secs. 9, 14, 15, 16; Ellis v. Davis, 11 Ky. Law Rep., 893; Thompson on Homestead and Exemptions, sec. 72; Silloway v. Brown, 12 Allen, 34; Bennett v. Baird, 81 Ky., 557.)
2. The fact that the debtor rents out a part of his homestead does not deprive him of the exemption. He would have a right to sell and claim the proceeds as exempt. (Musgrave v. Parish, 10 Ky. Law Rep., 998; Skinner v. Chadwell, 8 Ky. Law Rep., 258; Thomasson v. Settle, 7 Ky. Law Rep., 749; Brooks v. Collins, 11 Bush, 622; Feighan, assignee, v. Jackson, 7 Ky. Law Rep., 749.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This appeal presents a single, but hitherto undecided question by this court.

When the appellee, H. H. Sale, in 1864, first came into the occupancy of the property in contest, and in which

he had a life estate, he was undoubtedly a *bona fide* house-keeper with a family. It then consisted of a wife and five children; and that he then acquired a homestead right in the property is beyond question.

He has occupied it as a housekeeper ever since. In 1883, when this suit was brought upon a return of *nulla bona* to subject whatever property he had to the payment of the appellant's debt, his family had narrowed to one daughter, an invalid brother, and his mother-in-law; and since October, 1887, although a housekeeper in the property, he has, by reason of death and marriage, had no family whatever, within the legal meaning of that term, living with him. (Brooks, &c., v. Collins, 11 Bush, 622.) It is, therefore, claimed that it is not now exempt to him as a homestead, but is liable to the appellant's debt.

Our statute exempts to the debtor, as a homestead, land worth not over one thousand dollars, if he be a *bona fide* housekeeper with a family of this Commonwealth. The nature of this right is not fixed by the statute by name. He may sell the property, but is divested of the right to it, if he permanently abandons it as his home. It may, perhaps, be said to be a qualified estate. It continues after his death for his widow during her occupancy of it, though there be no children. (Gay v. Hanks, 81 Ky., 552.)

The husband has the like right in the homestead of the deceased wife. This court has decided that where the right is thus derivative, the having of a family is not necessary to its continuance. It is to the creation of the right at the outset in the husband or wife, but not to the continuance of it in the survivor. (Ellis v. Davis, 90 Ky., 183.)

In this case, however, there is no derivative right of

homestead. The property belongs to the husband, who is the debtor and is claiming it as exempt to him as a homestead. Undoubtedly the having of a family was necessary to the creation of the right in him, but is it necessary to the continuance of it? While essential to its coming into existence, yet when it has once vested in the debtor, does he lose it by death or the marriage of his children, leaving him alone, but still a housekeeper in the occupancy of the property?

The statute makes no express mention in this respect. We must, therefore, look to its general scope and spirit for guidance, the right being the creature of it.

It is urged with force that the homestead exemption is for the benefit of the family, and, therefore, where this family relation does not exist, there is no homestead exemption. In other words, the reason for the rule ceasing, the rule ceases. This is true as to the coming into existence of the homestead right; and it is no doubt also true that the primary object of the statute was the protection of families from want, and the giving to them a shelter; yet the fact that the statute gives the homestead of the deceased wife to the husband during his occupancy of it, although he has no family, shows that it was not intended to provide for the wife and children alone. He, in such a case, does not become homeless.

Can it well be supposed that the Legislature intended that in the event of the death of the wife owning the homestead, the benefit of it should continue to the husband during his occupancy, although he has no family, and yet that if he be the owner of it, and his wife or children die, or the latter marry and leave him, his right to the exemption ceases? If so, it is a singular state of

case; and if so, it is equally true of the wife, where she owns the homestead. In the event of the husband's death owning the homestead, she takes it as survivor so long as she occupies it, although she has no family; but if she owns it, and her husband dies, there being no longer any family, her homestead right ceases.

Why should not the original owner have a right equal to the survivor, and why should not the law favor the latter equally at least with the former? Is the party to be worsted because he owns the property? Can any reason be given why the same right should not exist as to his own property as is given to him in his wife's property after her death? Ought not his claim to a homestead in his own property, as against his own creditors, to be as much regarded as his claim to one in her property after her death?

The construction here contended for by the creditor should not be given to a statute which was enacted from a spirit of liberality toward the debtor. The Massachusetts statute of 1855 limited the homestead exemption to a "householder having a family." It continued it to the widow and children after his death, but contained no provision for its continuance to the husband after the death of his wife and the departure of his children; but the Supreme Court of that State held that his right was not thereby lost so long as he continued to occupy the property as his home, saying: "Any other construction would render a husband, who had been deprived of his family by accident or disease, or by their desertion, without any fault of his, liable to be instantly turned out of his homestead by his creditors." (Silloway v. Brown, 12 Allen, 30.)

Stults v. Sale.

This case, and other somewhat kindred ones, are cited in section 72 of Thompson on Homesteads with apparent approval; and while the Massachusetts statute, as well as that of Illinois, denominates the right as " an estate of homestead," while our own merely exempts land worth one thousand dollars as a homestead, yet the case last cited, as well as Kimbrel v. Willis, 97 Ill., 494, and Kessler v. Draub, 51 Texas, 575, are so far kindred to this one as to merit citation. True, the question is one of statutory construction, and the decisions in other States are of value only so far as their statutes are like our own; but considering the entire act, and the spirit which led to its enactment, it seems to us its only reasonable construction is that while the having of a family is necessary to the creation of the homestead right, that this is not necessary to its continuance. It is not necessary to inquire why this was made a necessary condition to its creation. The statute, in substance, says so; but it does not provide that it is necessary to its continuance; and in order to harmonize and render consistent and reasonable its other provisions, it should not, in our opinion, be so construed.

Here the debtor was invested with the right; it existed when this suit was brought; he has done nothing to release or forfeit it, and in our opinion is still entitled to it, being yet a housekeeper in the property, although by misfortune he no longer has a family.

Judgment affirmed.