Judge Owsley
delivered the opinion of the court.*
This was an action of covenant, brought by the defendants in error in the court below, upon a covenant of warranty, contained in a deed of bargain and sale, execute^ by the decedent, Young, in his lifetime.
The breach of covenant is alledged in the declaration, to be an eviction, under a paramount title, effected through the judgment of the circuit court of the United States for the Kentucky district.
A guardian having been appointed, ad litem, to defend for the infant heirs, and be failing to appear and plead to' the action, judgment was taken against them by default, and a writ of enquiry awarded for the purpose of assessing the damages. ' *
_ The other defendants appeared and pleaded that, the decedent did, in his lifetime, keep and perform his covenant.4
And the administrator, moreover, plead, that he had no' assets in his hands to administer, w'hereby the demand, or any part thereof, could be satisfied.
These pleas were traversed by the plaintiffs in that court, and issues being taken to the country, a jury was called, as well to try the issues as to enquire of damages; and a general verdict having been returned against all of the de-f fendants for ⅜,1406 42, in damages, judgment was therefore entered in favor of the plaintiffs.
To reverse this judgment, the heirs and administrator have prosecuted this writ of error.
As we suppose the issue, taken to the plea of covenants ■performed, to be immaterial, we have not thought it mate- *399 fial to notice the objections, taken by the assignment of errors, to the decision of the court below, in relation to the trial ot that issue.
‘Covenav-s piea, when \he covenan- *°£ ™ a'Jven act, but it is im. mverialwhen ⅛ collateral ex. traneousmat-⅛ the^covenan-ter; yet the cured™by a verdict,
jianty & ev;c! don after the tlle covenants performed by material, for as the heirs, ftc-!“'ebounc* nant, it c n-not be mate- or f '¡ie tle
jt-er. ror alledged grows out of °an¿ is objected to by tue party offeringsuch bad ptea, the reversion his application, f°f h® fi-st fault.
*399 The plea of covenants performed, although proper whereVer the covenantor stipulates for the doing or any particular act, yet a case like the present, where the breach of covenant is not made tb depend upon the happening of the extraneous collateral fact of an eviction under a paramount title, such a plea would, most clearly, upon a demurrer, be held invalid.
But if, after verdict, such a plea be good, (and the parties in the court below seem so to have considered it,) and an issue taken thereto, can involve an enquiry into the question, whether or not the covenant had been broken; still, as 'lie plea barely alledges the covenant to have been kept by the decedent in his lifetime, we should be of opinion, that it furnishes no sufficient answer to the breach al-ledged in the declaration, and, consequently, the issue taken Snust be considered immaterial. For as the heirs are nam-éd in the covenant of warranty, upon common law princi-pies, as Well as under the statute of this country, they are bound by the covenant, and hence, if there has been an eviction under a paramount title, it cannot be material whether it happened either before or after the decease their ancestor.
Assuming the issue, therefore, to be immaterial, as the judgment is against those committing the first fault in pleading, for any irregularity growing out of the trial that issue,, we should not feel ourselves authorised to reverse the judgment.
But we are of opinion, that the verdict of the iurv ougbt, specially, to have found the amount of assets in the hands of the administrator to be administered.
In the case of an issue on a plea of plene administravit, it is settled, that the amount of assets should be specially found by the jury, (3 Bibb, 86;) -and no substantial ence is perceived between such an issue and that found the plea of the administrator in the present case, in two cases, the defence, it is true, is somewhat differently expressed, but in each case, as is said by the court, in speaking of an issue to the plea of plene administravit, (5 Cranch, 19,) “the issue really is, whether the defendant “has any, and what amount, of assets in his hands.”
Because, therefore, the verdict of the jury has not found *400 the amount of the assets, the judgment must be reveráe$,. an(l cause remanded for further proceedings.
The pleaof ‘fe e admin-of1 ⅛ *asse"'1’ are snbstantially t he same, -ue oa either is found for thep’i’ fT, the amount of as-also be found-
A guardian to defend for regularly'“to beappointed, and no bTerteredí gainst them until the guardían ap-
after appearance, the guardian ne-Sae* a pro°per'defence, fhejudgment ''■iPst the in" flats, but they have their redress against the guardian.
Hardin and Hughes for appellants.
But as the issue to the plea of covenants performed, is supposed tobe immaterial, a trial of that issue should not p,e aga¡n bad, but as that plea appears to have been considered by the parties in the court, as presenting an enquiry into the plaintiff’s right to recover, the defendants there should, upon their applying for leave to do so, be allowed, bJ an appropriate plea, to bring in question the plaintiff’s right of action.
ft may, moreover, be proper to remark, that, as respects ^le infant defendants, the proceedings are not strictly cor-feet.
As, from the imbecility of infants, they are not supposed comPetent to select proper counsel to manage their concerns, the court before whom a cause may be depending against them, the more effectually to guard their interest, shoulel appoint a fit and responsible person, guardian, to de~ *for thetfl. ,
A guardian appears, however, to have been appointed in present case; but as his willingness to manage the cause could not regularly be known before appearance, the court should have caused him to appear before any judg-was taken against the infants: 3 Bacon’s Abr. 613. But as ⅛’ aPPearlng-i the guardian would engage for a faithful management of the cause, and as the court cannot be presumed to know whether any, and if any, what de-fence 0Ught to be made, and as the action against the infants should not be delayed on account of their infancy, judgment might, after appearance by the guardian, be ta~ ]ien against the infants for a default in failing to plead:—3 Bacon, 419, Cro. Cha. 307; 2 Saund. 96, note 2.
After having appeared, the guardian would, no doubt, be liable for any injury resulting to the infants from his imPr0Pcrty manag'nS their cause, (see a note to 3 Bac. 419, and the authorities there cited;) and in consequence of that liability, it is said that a recovery suffered by a guardian after appearance, will bind the infants: — 3 Bacon, 419; Cro. Cha. 307; 2 Saund. 96, note 2.
The judgment must be reversed with cost, the cause remanded to the court below for further proceedings not inconsistent with this opinion.

Absent, Judge Logav,