CASE 89—PETITION EQUITY—October 21.

# Bosquett, &c., v. Hall.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. To ENTITLE A PERSON TO THE BENEFIT OF THE HOMESTEAD EXEMPTION, he must, when a debt against him is attempted to be satisfied, be a *bona fide* housekeeper, with a family, whether such debt was created before or after the homestead ,was acquired.

2. A DEBTOR IS ENTITLED TO THE BENEFIT OF THE HOMESTEAD EXEMPTION if he is a housekeeper, and has residing with him any person whom he is under a natural or moral obligation to support, or who is dependent upon him for support.

 As the persons residing with the debtor in this case, although infants, are strangers in blood to him, and he is under no obligation to support them, they do not constitute a "family" within the meaning of the exemption laws, and the debtor is not entitled to the exemptions allowed by the statute.

BUSH & ROBERTSON, J. D. IRWIN FOR APPELLANTS.

Brief not in record.

JAMES C. POSTON FOR APPELLEE.

1. It is immaterial whether or not the land in controversy was occupied as a homestead at the time of the creation of the debt if it be true that at the time of the alleged sale appellee was occupying said premises as a homestead by himself and family. (Nichols v. Sennet, 78 Ky., 632; Fish v. Hunt, 81 Ky., 587.)

2. The appellee is a housekeeper "with a family" within the meaning of the statute. (McMurray v. Shuck, 6 Bush, 11; Arnold v. Waltz, 35 Iowa, 706; s. c., 36 Am. Rep., 248; Race v. Aldridge, 90 Ill., 250; s. c., 32 Am. Rep., 27; Riley v. Smith, 9 Ky. Law Rep., 615; Bently v. Terry, 59 Ga., 555; s. c., 27 Am. Rep., ¹399; Bonnett v. Bonnett, 61 Iowa, 198; s. c., 47 Am. Rep., 810; Lawson's Rights and Remedies, sec. 817; Ellis v. Jessup, 11 Bush, 402.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

To entitle a person to the benefit of homestead exemption he must, when a debt against him is attempted to be satisfied, be a *bona fide* housekeeper, with a

family, whether such debt was created before or after the homestead was acquired.

" In legal contemplation, whomsoever it is the natural or moral duty of the debtor to support, or is dependent upon him for support, may be considered and treated as a member of his family." (Bell v. Keach, 80 Ky., 42.) And accordingly an infant brother or sister, or aged and helpless parent, or even a bastard child, may and have been held to constitute a family in the meaning of the statute.

But the persons in this case residing with the debtor, though children, have no natural or legal obligation on the debtor for support, being strangers in blood to him. He may at any time separate from and cease to support or care for them without violating any legal or natural obligation ; and to so extend the operation of the statute as to exempt the homestead in such case would be not only contrary to the policy of it, but place it in the power of a debtor, by subterfuge and fraud, to defeat his creditors. The construction and operation of the homestead law must be determined by some well-defined rule that is reasonable and just, not according to the mere will or caprice of the debtor.

It seems to us appellee is not entitled to benefit of the homestead exemption, and the judgment must be reversed, and cause remanded for further proceedings consistent with this opinion.