# Louisville Banking Company v. Anderson, Etc.

APPEAL FROM LOGAN CIRCUIT COURT.

HOMESTEAD—FAMILY.—A daughter who is a married woman of full age, between whom and her husband there has been neither an actual nor a legal severance of the marriage bond, and for whose support the husband is still bound both legally and morally to provide, does not constitute a family within the exemption statute; nor does a granddaughter temporarily visiting in the debtor's family.

(The opinion in this case was originally delivered on the 11th of February, 1898. After the opinion had been delivered, it was

Louisville Banking Company v. Anderson, &c.

withdrawn to permit appellant to suggest the death of T. N. Anderson and to revive against his representatives; and the revivor having been had the original opinion was re-delivered.)

BARNETT, MILLER & BARNETT FOR APPELLANTS.

1. Appellee has been guilty of negligence; has not shown due diligence in taking care of the equity case, and a new trial should not have been granted him.   Civil Code, sec. 340, sub-sec. 3; Phillips v. Skinner, 6 Bush, 662; Charles v. Bain, 9 Ky. Law Rep., 104; Heintz v. Christman, 9 Ky. Law Rep., 107; Brannin v. Trent, 9 Ky. Law Rep., 577; Ross v. L. & N. R. R. Co., 13 Ky. Law Rep., 801; Voltz v. Tutt, 13 Ky. Law Rep., 877; Vowells v. Com., 15 Ky. Law Rep., 574; Herold v. Fisk, 16 Ky. Law Rep., 63; 16 Am. & Eng. Ency. of L., 536; Elmore v. McGrary, 80 Ind., 544; Brock v. South, &c., Ala. R. Co., 65 Ala., 79; Falkenburg v. Gorman, 71 Wis., 8; Mayer v. Duke, 72 Tex., 445; Green v. Bulkley, 23 Kas., 130; Brown v. Warren, 17 Nev., 417; Bobyshell v. Summers, 40 Mo., 172; Davis v. Presler, 5 Smed. & M. (Miss.), 459; Doat v. Maltby, 2 La. An., 583; Gelton v. Hawkins, 2 J. J. Mar., 1; Brevard v. Graham, 2 Bibb., 177; Gater v. Mullen, 23 Ind., 562; White v. Ryan, 31 Ala., 400; Davis v. Winants, 18 N. J. L., 306.

2. Appellee is a widower without a family dependent upon him; his daughter, who lives with him, has a husband who is a traveling man and earns a living.   The daughter only stays there during the summer months.   The granddaughter has a father and mother, who are able to and do support her, and her staying with her grandfather is only a summer sojourn. The appellee is not a housekeeper with a family within the meaning of the statute, and is not entitled to homestead exemptions.  Ky. Stats., sec. 1702; National Bank of Lancaster v. Slavin, 1 Ky. Law Rep., 315; Carter v. Adams, 9 Ky. Law Rep., 91.

W. F. BROWDER AND M. P. SLOSS ON THE SAME SIDE.

1. The lower court erred in opening the equity suit of Louisville Banking Company v. Anderson, &c., vacating the judgment therein.

2. It was error to grant to appellee Anderson a homestead.
   Citations: Beckham v. Morrison, 14 Ky. Law Rep., 241; Ganzer v. Shiffbauer (Neb.), 59 N. W. R., 98; 12 Am. & Eng. Ency. of Law, ——; Doughty v. Moss, 1 Bush, 161; Gaines v. Casey, 10 Bush, 96; Brown, Bro. & Co. v. Martin, 4 Bush, 49.

JAMES H. BOWDEN FOR THE APPELLEE.

1. The new trial of Anderson was properly granted.   Anderson should not have been permitted to suffer because of the defer-

ence of his young attorney to the age and experience of his senior counsel and the latter's quixotic consideration for the junior counsel.

2. The judgment is right on the merits. 11 Bush, 622; 90 Ky., 183; Same, 566; 78 Ky., 630.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

In September, 1894, the appellant, the Louisville Banking Company, obtained a judgment against appellee Anderson, upon which execution issued, which was levied on the property on which he was living. Appellee Price, who was the sheriff, set apart the property levied on as a homestead to Anderson, and the company brought suit in equity against Anderson and Price to vacate the action of the sheriff in setting apart the homestead, and to subject the property to its debt. Service of process was had on Anderson on January 14, 1895, twenty-one days before the court convened. The equity docket was called on the third day of the term, no answer was filed, and the case was submitted for judgment, which was rendered by default on the last day of the term, forty-one days after service of process. On March 29th, Anderson filed his petition in equity, stating and denying the material averments of the company's petition in equity, averring the grounds upon which he relied in his claim for homestead, and prayed for the vacation of the judgment and a new trial, upon the ground that he was prevented from defending the company's suit in equity by unavoidable casualty and misfortune, viz.; that he became sick before the commencement of the term, and remained so during the entire term to such a degree that it would have been dangerous to his life to have attended court, on account of the inclemency of the weather and his extreme age. He further averred that he had employed an attorney to represent him, but his attorney was not so advised that he could prepare an answer without

the presence of his client; and that the attorney was not present at the calling of the case, or did not hear it called. An injunction was granted to prevent the sale of the property under the judgment in the Banking Company's suit in equity, issue was joined upon the averments of Anderson's petition, and the case submitted, both upon the prayer for a new trial and upon the merits of Anderson's claim to a homestead.

The case, therefore, presents but two questions:

First—whether a case of unavoidable casualty or misfortune was made out by the evidence introduced tending to show that Anderson's counsel were negligent, or whether such negligence on the part of the attorneys must be imputed to the client, and, Second—Whether the evidence introduced upon the trial of the case upon its merits entitled Anderson to a homestead in the property.

It is unnecessary to consider the first question, as the second is decisive of the case.

It appears that Anderson, who was a widower, had formerly owned the property in question, sold it, and re-purchased it in 1892; that in 1893 he rented it to one Browder, retaining part of the house for his own use, and boarded with Browder for the rent of the place; that on August 18, 1894, his daughter, Mrs. Brownfield, came to live with him, and his granddaughter, the child of another daughter; that he furnished the provisions, and his daughter, assisted at times by his grandchild, did the cooking and other housework.

It is evident that no claim of being a *bona fide* housekeeper with a family can be based upon the presence of the granddaughter. She was a mere visitor; her parents were living; it appears from the record they were able to provide for her, and Anderson was under no legal or moral obligation for her support.

The claim based upon the daughter's residence with An-
derson presents a narrower question.  But without dis-
puting the contention of Anderson's counsel that a man
may be a *bona fide* housekeeper with a family notwithstand-
ing the fact that he became such for the purpose of assert-
ing a claim for homestead, we are of opinion, under the
circumstances of this case, that the married daughter's
residence in the house with him did not constitute him a
*bona fide* housekeeper with a family within the meaning of
the statute.  Anderson's testimony as to the relations be-
tween his daughter and her husband is purely hearsay.
It appears that, on a number of occasions, she had come
to her father's and staid with him for a longer or shorter
period.  She testifies that, except for brief intervals, she
had lived with her husband during all of their married
life, some twenty-five years; that her husband was, at
times, dissipated, and on such occasions spent his salary;
that her father had, at times, while she was living with
her husband, contributed to her support by sending her
small sums of money; that the relations between herself
and husband were kind; that, until she came to her father's
in August, 1894, her husband had contributed to her sup-
port, but that since that time he had not so contributed,
except to a very trifling amount.  It appears further from
her testimony that for about ten months after the time she
came to her father's, her husband had employment as
traveling salesman.  There appears to have been no in-
terruption in the existence of the marital relation be-
tween her and her husband, and no intention to separate
permanently, so far as the record discloses.

As said by Judge Holt in Ellis v. Davis (90 Ky., 185 [14
S. W., 74]), speaking of what is necessary to constitute a
*bona fide* housekeeper with a family:

"This court has repeatedly decided that one can not be so regarded, unless there are those living with him who not only bear a dependent relation to him, but whom he is under a natural or legal obligation to maintain."

And in Bosquett v. Hall (90 Ky., 567, [13 S. W., 244]), it was said: "And accordingly an infant brother or sister, or aged and helpless parent, or even a bastard child, may and have been held to constitute a family in the meaning of the statute."

And while we do not dispute that a widowed daughter or a daughter abandoned by her husband, might constitute a *family* within the meaning of the act, we are clearly of opinion that a married woman of full age, between whom and her husband there has been neither an actual nor legal severance of the marriage bond, and for whose support the husband is still both legally and morally bound to provide, can not properly be held to constitute a family of the debtor within the meaning of the statute under consideration. The statute should, and does, receive from this court a liberal construction in favor of the debtor, but to so construe it as to include the case at bar would be a step further than we are inclined to go.

For the reasons given the judgment is reversed for further proceedings consistent with this opinion.