CASE 65.—ACTION BY D. E. BURROW AGAINST O. W. MAXON FOR A WRIT OF POSSESSION FOR LAND BOUGHT AT AN EXECUTION SALE, WHICH DEFENDANT CLAIMS IS EXEMPT AS A HOMESTEAD.—Oct. 2.

## Burrow v. Maxon

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for defendant, plaintiff appeals — Affirmed.

1. Appeal and Error—Matters Open for Review.—There being no motion for new trial, no separate findings of law and fact, and no bill of exceptions, the only question open for review is whether the pleadings warrant the judgment.

2. Homestead—Exemptions—Purchase After Debt.—One does not

Burrow v. Maxon.

purchase land, within Ky. St. 1903, section 1702, providing the homestead exemption shall not obtain as against a debt existing prior to purchase of the land, where it is given him in settlement of his contest of a will, which, if successfully prosecuted, would have given him, as heir of testator, a greater share of his estate.

J. R. GROGAN, Atty. for appellant.

### SYNOPSIS AND CITATIONS.

Issues, formed by answer and reply:

1. Was appellee owner of the land under parole gift or by deed of gift.

2. Was he owner by gift or by purchase within the meaning of section 1702 Kentucky Statutes?

3. If by purchase was the land subject to the debt and execution.

(a) Debt created in the years 1896 to 1902 under allegations of reply and admissions of answer; also shown by deposition of R. C. Burrow.

(b) A proceeding under section 1689 Ky. Statutes and sections 444-449 Civil Code. Error of Court in over-ruling plaintiff's motion to transfer to equity. (Civil Code, section 449; Sargeant v. Farrar, 2 Ky. Law Rep., 212; Couchman v. Maupin, 73 Ky., 33; Scott v. Mitchell, 19 Ky. Law Rep., 218; Wilson v. Flanders, 24 Ky. Law Rep., 1302.)

(c) In such proceedings purely common law issues are triable before jury, etc.; otherwise when an equitable issue is presented. (Pendergrist v. Heekin, 94 Ky., 484; Holcomb v. Hood, 12 Ky. Law Rep., 240; Hester v. Lynn, 20 Ky. Law Rep., 1460.)

(j) Appellant not entitled to writ of possession if deed from Jesse Ware, etc., is not a deed of purchase within the common or statutory meaning.

(k) Though lower courts are frequently biased in favor of the homestead claimant, courts of last resort should not be. Reference to the affidavit in plaintiff's behalf and his motion to be allowed to introduce further evidence.

(l) The deed from Jesse Ware, etc., shows conclusively the character of appellee's title, there being no evidence to the contrary. This deed is not a deed of gift but of purchase within the statutory meaning. (Bouvier's Law Dictionary (Rawl's Revision) "Gift;" Am. & Ency. of Law, 1st Ed., vol. 8, 1309.)

(m) The deed from Jesse Ware, etc., to the appellee, the only evidence in the record of his title or the character of his title to the land which was sold under execution to the appellant, is

clearly a deed of bargain and· sale to him and a purchase by him within the meaning of section 1702 Ky. Statutes. The trans-action between the grantors and appellee shows clearly and posi-tively that the appellee by contract and trade purchased or ac-quired this land and other valuable property.

CAMPBELL & CAMPBELL for appellee.

(No brief in record.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-ing.

D. E. Burrow had a debt against O. W. Maxon, which was created between the years 1896 and 1902. He sued Maxon upon the debt, and recovered judg-ment. Execution was issued upon the judgment and levied upon a tract of land, the property of Maxon. The land was sold, and was purchased by Burrow. It was not redeemed, and Burrow instituted this pro-ceeding by motion in the McCracken circuit court for a writ of possession. By his answer Maxon set up that the land was a homestead, and as such exempt from execution sale. The case was heard by the court, and judgment entered in favor of Maxon, from which Burrow appeals.

There was no motion for a new trial in the circuit court, no separate finding of law and, facts, and no bill of exceptions was filed. So the only question before us is: Do the pleadings warrant the judgment? Maxon alleged in his answer that the tract of land was of value less than $1,000; that it was the home-stead of himself and family; that he was a bona fide housekeeper, with a family, consisting of his wife and four infant children, actually residing on the land before the creation of the debt and continuously to that time; that his father, M. Maxon, had, many years

before the creation of the debt, made him a parol gift of the land, and that he had then settled on it; that after his father's death his sisters by way of compromise had made him a conveyance of the land. The deed from his sisters was filed by him with his answer. It was executed on October 3, 1905, which was before the execution was levied on the land, and after the plaintiff's debt was created. The deed shows on its face that M. Maxon left a will, which was probated in the county court; that O. W. Maxon took an appeal from the order of the county court admitting the will to probate; and while the appeal was pending, and in compromise of the litigation, his sisters, who were the other children of M. Maxon, made him a deed to this tract of land and paid him $1,000, in consideration of which he dismissed the suit and paid the cost. The statute provides that the exemption shall not apply "if the debt or liability existed prior to the purchase of the land." Ky. St. 1903, section 1702. The question then arises: Did O. W. Maxon purchase this land after the creation of the debt to Burrow?

In Jewell v. Clarke's Ex'r, 78 Ky. 398, the court, construing the statute said: "The object of this provision was to prevent debtors from purchasing homesteads after creating debts or liabilities, and then claiming the exemption against such debts. The means with which a homestead was purchased might be the very means to which the creditor looked for payment, and gave the debtor the credit which enabled him to create the debt; and it would be unjust to the creditor to allow the debtor, by thus investing in a homestead, the means on the faith of which he obtained credit to defeat the collection of the debt. But, when the debtor derives title to the homestead by

descent, no injury is done to the creditor in exempting the homestead so acquired. The means upon the faith of which he gave credit have not been diverted, and the case does not, therefore, come within the reason of the statute, and the rule that a case not coming within the reason of a remedial statute is not affected by it applies." This was followed in Meador v. Meador, 88 Ky. 217, 10 S. W. 651, 10 Ky. Law Rep. 783, and in Spratt v. Allen, 106 Ky. 275, 50 S. W. 270, 20 Ky. Law Rep. 1822. .

Under these cases it is plain that if M. Maxon had left no will, and the land had been set apart to O. W. Maxon in the division of the estate between him and his sisters, it would have been exempt as a homestead, and could not have been subjected to the Burrow debt. Whether M. Maxon left a will or not was a question at issue in the litigation that was settled by the compromise in which his sisters conveyed to O. W. Maxon the land. Every reason that would exempt a tract of land received by descent would apply to property given in a compromise of a case of that sort. The consideration of the settlement was that O. W. Maxon was one of the heirs at law of M. Maxon, and his sisters conveyed to him this part of the estate, rather than risk his getting more if the will was set aside. If he would have been entitled to the homestead, where his father had settled him on the land and then died intestate, it is hard to see why he should not be equally entitled to it where it was in dispute whether or not his father had left a will, and in settlement of the dispute the property was conveyed to him by the other heirs. He is no worse off as to the homestead, after the compromise was made in the will litigation, than he would have been if he had been successful in the will litigation, and

in the division of the estate the property had fallen to him; for the sum of the matter is that what he got was given to him in a compromise as his part of his father's estate. It cannot be maintained that Maxon put into the land in any way means to which the creditor might have looked for the payment of his debt; for he got in the settlement not only the land, but in addition to it $1,000 in money. The case, therefore, falls as clearly within the rule laid down heretofore as any of the cases in which it was applied. See Turner v. Browning's Adm'r, 128 Ky. 79, 107 S. W. 318, 32 Ky. Law Rep. 891.

Judgment affirmed.