### Staun & Co. v. Proctor, Jr.

(Decided February 11, 1913.)

#### Appeal from Mason Circuit Court.

Homestead—Exemption in Proceeds of Indivisible Property—Reason-
able Time to Assert Claim to—Property Received by Gift or
Devise.—A debtor, who is entitled to a homestead, and who has
received by gift or devise indivisible property, may assert, as
against a creditor, his right to an exemption in the proceeds of
the property when it is sold. In such a state of case the debtor
has a reasonable time in which to assert his homestead exemption
in the fund and may wait until after the creditor has sought
to subject it.

J. M. COLLINS, for appellant.

FRANK P. O'DONNELL, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The question in this case is, was the appellee, Proctor,
entitled to have set apart to him, under the homestead
exemption laws of the state, the fund sought to be sub-

jected to the payment of a debt due by Proctor to the appellant? The facts are these:

(1) The mother of appellee died in 1903, the owner of a house and lot, leaving surviving her husband and four adult children. After her death the husband, who was entitled to a homestead in the property, continued to occupy it until 1910, and after that time his second wife occupied it until it was sold. (2) At the time of the death of his mother, and continuously since, appellee lived in other property owned by his wife. (3) In May, 1910, the father of appellee conveyed, for love and affection, as the evidence shows, to his four children whatever right or interest he might have in the house and lot that he had been occupying as a homestead. (4) In October, 1910, the appellee and the other children brought a suit for the settlement of the estate of their mother, and for a sale of the house and lot and a distribution of the proceeds. (5) In this suit the appellant filed an intervening petition in which it set up that in 1909 it recovered a judgment against appellee, with interest from 1905, on which judgment execution issued in December, 1910, and was levied on the undivided one-fourth interest of appellee in the house and lot, and it asked that it be given a lien on appellee's part of the proceeds of the property when it was sold in the suit to settle the estate. (6) In 1911 the property was sold and an order of distribution made directing among other things that the interest of appellee in the proceeds be applied to the payment of the debt of appellant.

(7) After this, and before the fund was distributed, appellee filed a pleading responsive to the petition of appellant seeking to subject his interest, in which he set up that he was entitled to have set apart to him under the homestead exemption laws of the state the interest in the proceeds sought to be subjected by appellant.

(8) After the issues had been completed between appellant and appellee, and evidence taken, the court set aside the interlocutory order adjudging appellant entitled to the interest of appellee in the distribution, and entered a final order adjudging that appellee's interest was exempt to him under the homestead laws of the state, it being conceded that appellee was a housekeeper, with a family, resident in this Commonwealth.

Appellant seeks a reversal of this order, insisting that it should have been adjudged entitled to the entire interest of appellee in the proceeds of the sale, or, in any

event, to so much of his interest as was derived from the sale of the interest of his father, which had theretofore been conveyed to the children as above stated.

Upon these facts we think the disposition of the case is controlled by the opinions of this court that we will notice.

Appellee, during the existence of the life estate of his father, could not assert a claim to a homestead in any part of this property. His right to a portion of it, or its proceeds, as a homestead, was in abeyance during the continuance of the life tenancy, and so his right to a homestead in the property, or the proceeds, was not prejudiced by his failure to assert in any manner this right during the existence of the life tenancy. Roach v. Dance, 26, Ky. L. Rep., 157; Merrifield v. Merrifield, 82 Ky., 526.

As appellee acquired the interest in this property sought to be subjected by his creditor partly by descent from his mother and partly by the voluntary conveyance of his father, he had a reasonable time, after the extinguishment of the life tenancy, to assert his right to a homestead. Spratt v. Allen, 106 Ky., 274. And this rule applies alike to the interest derived by descent from his mother and to the interest received by the gift from his father. Burrow v. Maxon, 129 Ky., 578; Roark v. Bach, 116 Ky., 457; Hester v. Lynn, 20 Ky. Law Rep., 1460.

A person entitled to a homestead interest in indivisible property is likewise entitled to the exemption in the proceeds of the property when it is sold, and may successfully assert this right of exemption against a creditor who seeks to subject the proceeds. Roberts v. Adams, 29 Ky. L. R., 848; Robinson v. Robinson, 142 Ky., 589.

The remaining question is, did appellee within a reasonable time after he had a right to do so assert his exemption privilege? This is a question to be determined by the facts of each case. Here the appellee was not required to assert his claim to exemption until his right to it was drawn in question, and it was not drawn in question until the intervening petition of the appellant was filed in the suit to settle the estate. Within a seasonable time after this intervening petition was filed appellee asserted his homestead exemption right to the proceeds, and the court, under the authority of the cases cited, properly adjudged him entitled to it.

Wherefore, the judgment is affirmed.