### Frizzell v. Rozzell, et al.

(Decided November 6, 1913).

## Appeal from Graves Circuit Court.

Homestead—When One May Claim Homestead in Proceeds of Land. —One who inherits land which is indivisible may claim a homestead in the proceeds of the land when sold for division, where he asserts this claim in a reasonable time after he inherits the property.

MOORMAN & WARREN for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The mother of T. L. Frizzell died in June, 1910, the owner of a tract of 27 acres of land, and he inherited from her an undivided one-fourth interest in the land. Her husband, Jordan Hackney, on July 19, 1910, in consideration of $125 conveyed to J. H. Gibson his "life time dowry" in the tract of land. The land at the time of Mrs. Hackney's death was rented out to one Jackson for the year 1910, and he continued in possession of the land under his contract of tenancy until January 1, 1911. On December 30, 1910, M. W. Rozzell, who had an execution issued on a judgment in his favor against T. L. Frizzell, had it levied on T. L. Frizzell's interest in the land. Soon after this levy and in January, 1911, T. L. Frizzell, who was living about two and a half miles from the land, took possession of it and began preparation for raising a crop; and did cultivate the land that year. In May, 1911, the land was sold under the execution and on August 23, 1911, Frizzell brought this suit charging

that he was a housekeeper with a family and that the land was exempt to him as a homestead. During the pendency of the action a suit was filed by another joint owner to sell the entire tract for a division of the proceeds on the ground of indivisibility and Jordan Hackney having died, the entire tract was sold and brought $800. The circuit court on final hearing held that T. L. Frizzell was not entitled to a homestead in the land and dismissed Frizzell's petition. From this judgment, he appeals.

We do not see that this case can be distinguished from Staun & Co. v. Proctor, 152 Ky., 142. In that case the mother died in the year 1903, the owner of a house and lot, leaving surviving her her husband and four adult children. After her death the husband who was entitled to a homestead in the property, occupied it until 1910, and after that time his second wife occupied it until it was sold. In October, 1910, the four children brought a suit for a sale of the house and lot and a distribution of the proceeds, the father having conveyed to them his interest in the property. In December, 1910, the creditor had his execution levied on the property and in 1911, the property was sold under an order of court for division of the proceeds. It was held that the debtor was entitled to a homestead in the part of the proceeds of the land coming to him. In the case at bar the debtor's part of the proceeds of the land, when added to the lot on which he lives is far less than $1,000. He had under the rule announced in the case referred to, a reasonable time to assert his exemption privilege, and there can be no question that he promptly asserted it; for he took possession of the land as soon as he could reasonably do so after it was vacated by the tenant who had a right to hold it until the end of his term. The law favors homesteads and where inherited property is divisible, a party who owns an undivided interest in it will be allowed a reasonable time to secure a division of the property and to settle upon the part which may be allotted to him as a homestead. Where it is indivisible and cannot be divided, he must be allowed the same right in the proceeds; for the proceeds of the sale represent the land.

Judgment reversed and cause remanded for a judgment as above indicated.