## Shrader's Executor et al. v. Shrader.

(Decided March 12, 1929.)

O'NEAL & O'NEAL and HENRY J. TILFORD for appellants.

BURWELL K. MARSHALL for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming in part and reversing in part.

Chas. N. Shrader died on January 20, 1924, leaving a will bearing date January 10, 1921. By the provisions of his will he devised to his widow, Katie M. Shrader, an undivided one-half interest in the real estate known as 1617 Story avenue in the city of Louisville, and also bequeathed to her $400 in cash. He made some small be-

quests to some of his other children and left the residue of his estate to Clyde H. Shrader, the appellee. Appellee received from the estate something more than $1,700 in cash, and 10 shares of the capital stock of the Greater Louisville Savings & Building Association. This suit was instituted by the appellee against the executor of the estate of Katie M. Shrader and Elizabeth Julia Clark. Katie M. Shrader died in 1926 and by the provisions of her will she left the Story avenue property to her sister, Elizabeth Julia Clark. The action as finally stated was a suit to recover the house and lot on Story avenue which appellee claims was to have been left to him by the will of Katie M. Shrader under an agreement between her and his father to make mutual or reciprocal wills. His father, so it is alleged, under the agreement, was to devise the Story avenue property to Katie M. Shrader, and she was to devise the property to the appellee. The proof in the case establishes to the satisfaction of the court that there was an agreement substantially as alleged in the petition, and that, by the terms of the agreement, Chas. N. Shrader was to devise the Story avenue property to Katie M. Shrader, and she agreed to devise it to the appellee. The evidence is not entirely satisfactory but it was sufficient to justify the conclusion reached by the chancellor that there was such an agreement. Instead of her keeping the agreement, it is alleged that Katie M. Shrader wilfully violated the agreement and devised the property to her sister. The proof shows that Katie M. Shrader executed a will several months before her husband executed his will, and by its provisions she left her property to her husband. The proof also shows that she and her husband both told different parties that they had reached an agreement and that by the terms of the agreement Chas N. Shrader was to give her certain stock in the Greater Louisville Savings & Building Association, and the cash on hand, and was to devise to her the Story avenue property, which she in turn was to devise to the appellee. It is also in proof that Katie M. Shrader, while admitting the agreement to witnesses, announced that she did not expect to carry it out. One witness testified that she showed her an envelope which she said contained her will which she had made pursuant to the agreement, and that she announced her intention to destroy the will, and immediately carried that intention into effect by depositing the envelope which she said contained the will in the fire, where it was destroyed.

The first point argued by counsel for appellants is that neither the pleadings nor the proof show that Chas. N. Shrader complied with his part of the alleged contract. We do not agree with counsel for appellant. He executed his will in accordance with the agreement, and it is well established that he drew from the bank $700 with which he bought stock in the building association for her. It is not well established that he turned over to her the cash, whatever that may have meant, but there is some proof tending to show that he did turn over cash to her, and in his will he left her $400. If there was an agreement as testified to that he changed his mind about leaving the property to his wife for life with the remainder to the appellee, upon the promise of Katie M. Shrader that she would accept the stock and cash and devise the property to appellee, we think the evidence substantially establishes that he complied with his part of the agreement.

The next point urged against the judgment of the chancellor by counsel for appellants is that an oral contract to devise real estate is within the statute of frauds, and therefore unenforceable. If that is true, it was error on the part of the court in transferring the action to equity and in entering the judgment directing a conveyance of the property to appellee. They rely on the case of Bowling v. Bowling's Adm'r, 222 Ky. 396, 300 S. W. 876, where this court held that it is the general rule that an oral agreement to devise real estate to another is within the statute of frauds and cannot be enforced. In that case, however, it was further held that, where the benefit to the intestate cannot be measured in money, there is no way to determine the amount of recovery except by the pecuniary standard fixed by the parties to the contract. It is also said in that case that the measure of damages for the breach of a contract to devise is the value of the property agreed to be devised. In that case the agreement alleged was that the father of an illegitimate child had promised the mother that he would make the child an equal heir with the rest of his children. It was contended that there was no specific promise to execute a will leaving property to the child, and, if there had been such a promise, the case would not be in point because the father had not obtained the property impressed with a trust for the benefit of the child. He was the owner of the property at the time he made the promise, and that is quite a different matter from a case where

the title to property passed from one to another upon the promise of such other to devise the property to a third party.

The case of Doty's Adm'rs v. Doty's Guardian, 118 Ky. 204, 80 S. W. 803, 26 Ky. Law Rep. 63, 2 L. R. A. (N. S.) 713, 4 Ann. Cas. 1064, relied on by counsel for appellants, is not in point, as the agreement there was a promise on the part of a father that he would give an illegitimate child land in consideration of the mother's never taking the child away. It was held that the contract was not invalid as one contemplating the continuance of an illicit relation, and it was further held that part performance of a parol contract for the conveyance of the land did not take the transaction out of the statute of frauds. The land in question there had not been impressed with a trust at the time the title passed to the owner.

The case of Skinner v. Rasche, 165 Ky. 108, 176 S. W. 942, is in point. It is clearly held in that case that, when one receives property under an agreement that the one so receiving it will devise it in accordance with an agreement between the one receiving the property and the one passing the title to him, the property so received is impressed with a trust for the use and benefit of the third party to whom it is to be devised, and that such an agreement is enforceable.

The case of Wright v. Wright, 215 Ky. 394, 285 S. W. 188, also supports the contention of appellee. Under the authority of these two opinions we conclude that an agreement between a testator and a devisee that the devisee will dispose of the property in a certain way is enforceable if the property was devised to him because of such an agreement. The devisee in such cases holds the property of the decedent in trust for the use and benefit of the one to whom he agreed to devise the property. He is a trustee for such person, and if the devisee violates the agreement with the testator and fails to devise the property, the party to whom it was to be devised under the terms of the agreement may recover the property itself in appropriate proceedings. It has been held in many cases that contracts of this nature resting entirely upon parol evidence and based wholly upon oral declarations, must be clearly established or no relief can be granted. Brewer v. Hieronymous, 41 S. W. 310, 19 Ky. Law Rep. 645. The chancellor found that the evidence was sufficiently clear and convincing to justify a judg-

ment upholding the alleged contract and compelling its performance. His judgment has weight, and, while the evidence was conflicting, we will not disturb the judgment of the chancellor on this point.

When the property in question was devised to Katie M. Shrader, she took it as trustee, or rather it was impressed with a constructive trust in favor of the appellee. According to the nature of the agreement she was to have the property during her life, as she was not required to dispose of it other than by her will, but, when she did dispose of it, she was to devise it to the appellee. She violated that agreement and devised the property to her sister, and the court did not err in upholding the contract and directing a conveyance of the property so received to the appellee. But the judgment should have gone no further than to require the conveyance of the interest which was devised to Katie M. Shrader by her husband. He owned only a one-half undivided interest in the property. Title to the other half was vested in Katie M. Shrader and it was not impressed with the trust at the time she was vested with the title. There was an attempt made to show that the half interest which she owned was paid for with money furnished by her husband, but that does not change the situation. Section 2353, Kentucky Statutes, provides that, when a deed shall be made to one person and the consideration shall be paid by another, no trust shall result in favor of the latter. Although it may be true that Chas N. Shrader paid for the one-half interest in the property which was conveyed to his wife, yet it was her property free from any trust, and, if she made an agreement that she would devise her one-half interest to the appellee, the agreement to that extent was within the statute of frauds (Ky. Stats., sec. 470) and unenforceable. The two cases cited above, relied on by counsel for appellants support this theory. She did not receive the title to the property with any understanding or agreement that she would devise it in any particular way, and that is the distinction between the rights she had in her undivided one-half interest and the rights she had to the one-half undivided interest devised to her by her husband. The chancellor erred in adjudging a conveyance of the whole title to appellee. The judgment should have gone no further than to require a conveyance of a one-half undivided interest in the property, as that is all she received through her husband's will.

In so far as the chancellor adjudged that a one-half undivided interest in the Story avenue property should be conveyed to appellee, his judgment is affirmed, but, in so far as he adjudged that the one-half undivided interest, the title to which was vested in Katie M. Shrader, should be conveyed to appellee, the judgment is reversed and cause remanded for proceedings consistent with this opinion.