## Deboe et al. v. Brown.

(Decided November 26, 1929.)

R. W. LISANBY for appellants.

ALBERT MORSE and S. D. HODGE for appellee.

Opinion of the Court by Judge Logan—Affirming.

On the 3d day of November, 1916, the appellee, J. L. Brown, obtained a judgment in the Caldwell circuit court for $150 against W. H. Deboe, Sr., with interest from

that date, with $10.25 costs. Execution was issued and returned unsatisfied in whole, or in part.

The wife of W. H. Deboe, Mrs. N. J. Deboe, died in 1927 leaving a will. The first paragraph of her will is as follows: "It is my will and desire that my son, W. H. Deboe, Jr., shall take care of and administer to the wants of myself and my beloved husband, W. H. Deboe, Sr., until our demise, and shall provide decent burial for each of us, and that he shall receive for such labor the reward hereinafter devised to him."

The second paragraph of her will is as follows: "It is my will that my beloved husband, W. H. Deboe, Sr., shall have the use and benefit of all my property, both real, and personal and mixed of every character and every description, wheresoever situated, that I may own and possess at the time of my death for his individual use and benefit so long as he shall live, and upon the event of the death of my beloved husband, W. H. Deboe, Sr., it is my will that of my estate remaining that my executor hereinafter named, shall pay Ten ($10.00) Dollars, cash, to my son, Tommie Deboe, and a like sum and amount, ($10.00), to the bodily heirs of my daughter, Cokie Stone, in which sum and amount of $10.00 my said surviving daughter's children shall share and share alike. After the distributions of the sums hereinbefore devised and after the death of my beloved husband, W. H. Deboe, Sr., it is my will that my son, W. H. Deboe, Jr., shall have and receive all the remainder of my property, both real, personal and mixed, and of every character and every description wheresoever situated, to have, to hold and to do with as he may see fit and proper."

Mrs. N. J. Deboe, at the time of her death, was the owner of a lot on the east side of McNary street fronting thereon 68 feet, and running back between two parallel lines 95 feet to the line of Mrs. J. B. Groom in the city of Princeton, and on this lot were two dwelling houses.

After the death of Mrs. Deboe, an execution was issued from the office of the clerk of the Caldwell circuit court, and the sheriff made this return on it: "Levied the within execution upon a certain house and lot in the city of Princeton as the property of the defendant, W. H. Deboe, and life estate in the other half, fronting 68 ft., on the east side of McNary street and width back 95 ft., and is the same lot conveyed to W. H. Deboe, etc.,

by T. E. Farmer, etc., dated May 17, 1920, recorded in deed book No. 57, in the county clerk's office at page 170. This Sept. 29, 1927, signed, R. D. Farmer, Sheriff.''

Thereafter the appellee instituted suit in the Caldwell circuit court reciting the facts above set out in his petition, and alleging that by reason of the levy of the execution he had a lien on the lot and the house to secure the amount of his judgment, interest, and costs, in the sum of $253.75. The property is described in the petition as the levy made on the execution, with the additional description that it is the same real estate devised to W. H. Deboe, Sr., by his deceased wife, N. J. Deboe. The appellants filed a demurrer which was overruled. They then filed an answer traversing the allegations of the petition in the main and pleading that several years prior to the death of Mrs. N. J. Deboe she made an agreement with her son, W. H. Deboe, Jr., that she would will the property in controversy to him in consideration of his caring for her and her husband during the remainder of their lives, and alleging that he had complied with his part of the contract and for that reason, the property was his. There was a plea of the exemption statutes in favor of W. H. Deboe, Sr., if it should be held by the court that he had an interest in the property.

The able attorney representing appellants has pointed out with particularity in his brief the errors on which he relies for a reversal, six in number: (1) The court erred in overruling the demurrer to the petition. (2) The court erred in striking from the answer the plea of the contract to convey by will the property to W. H. Deboe, Jr., in consideration of his caring for and supporting his mother and father during their lives. (3) The court erred in overruling the motion of appellants for a continuance. (4) The court erred in his judgment in that it is susceptible of the construction that it directs a sale of the property outright and not only a life estate. (5) The court erred in holding that W. H. Deboe, Sr., owned a life estate in the property. (6) The court erred in refusing to sustain the plea that the property was exempt from the debts of W. H. Deboe, Sr.

We are of the opinion that the demurrer to the petition was properly overruled. The only objection made to it in the brief is that the description is not sufficient. The property is specifically described so that it could be identified by the description given. It is suggested that the reference to it as the property willed to W. H.

Deboe, Sr., by his wife is only a conclusion of the pleader. We think the description was sufficient without that, but the will was filed as an exhibit with the petition, and while the property is not described in the will, it is described in the petition with particularity which, in our judgment, was sufficient.

The second alleged error is that the court struck from the answer the plea relating to the contract between Mrs. Deboe and her son. It is the general rule that an oral agreement to devise real estate to another is within the Statute of Frauds and cannot be enforced. Bowling v. Bowling's Adm'r, 222 Ky. 396, 300 S. W. 876. There is a line of cases holding, however, that where the benefit to the beneficiary of such a promise cannot be measured in money, there is no way to determine the amount of the recovery other than by the pecuniary standard fixed by the parties to the contract. The measure of damages for the breach of a contract to devise is the value of the property agreed to be devised. Shrader's Ex'r v. Shrader, 228 Ky. 374, 15 S. W. (2d) 246.

Appellants contend in this case that W. H. Deboe, Jr., was the owner of the houses and lots at the time the execution was levied. They rely on the case of Broughton et al. v. Broughton, 203 Ky. 692, 262 S. W. 1089. The opinion in that case adheres to the general rule that an oral agreement to devise real estate to another in consideration for sevices to be performed is within the Statute of Frauds, and ordinarily cannot be enforced. It is also held therein that recovery may be had on parol contract to leave property by will in consideration of services where the consideration had been fully satisfied. It was held in that opinion that the measure of recovery in an action on such a contract to devise property in consideration of services depends upon the character of service, and where the benefits to the promisor can be measured by ascertaining the reasonable value thereof such value should be the measure of recovery. But where such benefits cannot be so measured, a court may award the value of the property covered by the promise to devise.

Measured by any of the rules referred to, the appellant W. H. Deboe, Jr., could not rely on the defense that he was the owner of the property because his mother promised to devise it to him. If he had any remedy, it was to recover the reasonable value of the services which

he had rendered. It is not contended that his mother held the property in trust for him, or was under any legal obligation whereby the conveyance of the property to him might be compelled by a proper proceeding, as was the case in Shrader's Ex'r v. Shrader, supra. The trial court did not err in striking the plea in relation to this matter from the answer.

The will itself shows, on its face, that Mrs. Deboe was mindful of her promise when she made her will. She doubtless wrote in the will what she conceived to be the agreement between her and her son. The will speaks for itself, and its meaning must be determined from the language used by the testator as found in the will itself. Extrinsic parol evidence is inadmissible for the purpose of ascertaining what the testator intended to say but did not say, or for the purpose of altering or contradicting the terms of the will or adding to or subtracting anything from it. Neither is written evidence admissible for such a purpose. Com. v. Manuel, Ex'r, 183 Ky. 48, 208 S. W. 327. It is allowable to introduce extrinsic evidence for the purpose of showing the circumstances and conditions surrounding the testator at the time the will was executed, and such evidence is admissible to explain latent ambiguities in the will itself, or to aid the court in arriving at the intention of the testator when, upon reading of the whole will, the mind is left in doubt as to what the testator meant to say by what he actually said. Com. v. Manuel, Ex'r, supra.

The will of Mrs. N. J. Deboe is without latent ambiguities. Her intention is clearly expressed therein. Extrinsic evidence therefore was not competent to show that she meant anything other than what the language in her will plainly implies.

What has been said disposes of the third alleged error relied on by counsel for appellants: that is, that the court erred in overruling a motion to continue the case until appellants could take the deposition of a certain witness residing in California. The evidence of that witness, if taken, would have related to the contract between Mrs. Deboe and her son, and the purpose of it was to show that the will may have had a meaning different from that apparent on its face. It is most probable, however, that all of this evidence was introduced in an effort to establish a rule under which the property automatically passed to the son upon the death of the mother because she had promised to will it to him. Such is not

the rule, and considered from any point of view the evidence was not competent, and the court did not err in refusing a continuance.

The fourth alleged error is to the effect that the judgment of the court is erroneous, in that it is susceptible of the construction that it directs the sale of either the entire estate in the lot, or a life estate. If the language about which complaint is made alone governed the matter, we would be strongly inclined to agree with the contention of appellants, but reading the judgment as a whole, and that is what should be done to determine its meaning, it is clear that the court held that W. H. Deboe, Sr., had only a life estate in the property, and the order of sale necessarily relates only to his life estate. The error complained of, therefore, if it was error, is harmless as no more than the life estate of W. H. Deboe, Sr., can be sold under the judgment.

Both appellants and appellee complain because the court held that W. H. Deboe, Sr., took a life estate in the property. The will speaks for itself, and we deem it unnecessary to do more than call attention to its provisions as set out above. It clearly vested in W. H. Deboe, Sr., a life estate, and the court did not err in so holding. As such it was subject to the debts of W. H. Deboe, Sr., to the extent of the life estate, unless exempt to him as a homestead. The proof shows that he was 73 years of age at the time he gave his deposition on February 23, 1929. His interest in the property, therefore, according to the proof of its value which fixed it at less than $2,500, was less than $1,000. He properly pleaded his claim to the property as a homestead. Section 1702, Ky. Stats., provides for such an exemption, but that section concludes with this language: "But this exemption shall not apply to sales under execution, attachment or judgment, if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon."

If the land was purchased subsequent to the creation of the debt, the statute does not apply unless, perchance, the land was purchased with money or property which was exempt from the debts of the purchaser, as was held in the case of Wallace v. Mason, 100 Ky. 560, 38 S. W. 887, 18 Ky. Law Rep. 935. This land was not purchased by, but was devised to, W. H. Deboe, Sr., by his wife. The statute denying the right of exemption to a person who purchases land as to pre-existing debts does

not have application where the land was obtained through descent, devise, or gift. Spratt v. Allen, 106 Ky. 274, 50 S. W. 270, 20 Ky. Law Rep. 1822; Meador v. Meador, 88 Ky. 217, 10 S. W. 651, 10 Ky. Law Rep. 783; Jewell v. Clark, 78 Ky. 398; Miller v. Bennett, 12 S. W. 194, 11 Ky. Law Rep. 391; Burrow v. Maxon, 129 Ky. 578, 112 S. W. 661; Frizzell v. Rozzell, 155 Ky. 631, 160 S. W. 244; Staun v. Proctor, 152 Ky. 142, 153 S. W. 196; Roberts v. Adams, 96 S. W. 554, 29 Ky. Law Rep. 848; Holcomb v. Hood, 1 S. W. 401, 8 Ky. Law Rep. 255; Hester v. Lynn, 49 S. W. 431, 20 Ky. Law Rep. 1460. The reason for the rule seems to be that the creditor has not been prejudiced because the debtor has not converted any debt paying part of his estate into exempt property, and the allowance of the exemption was not forbidden by the exception in section 1702, Ky. Stats., withholding the exemption as against debts or liabilities existing prior to the purchase of the homestead. Roark v. Bach, 116 Ky. 457, 76 S. W. 340, 25 Ky. Law Rep. 699. This question was recently discussed in the opinion of Moody et al. v. Barker, 188 Ky. 401, 222 S. W. 89, where the same conclusions were reached and the preceding cases cited and discussed.

W. H. Deboe, Sr., if entitled to a homestead, could claim it against the pre-existing debt, but whether he is entitled to a homestead depends upon the facts and circumstances. It has often been held by this court that it is essential to the creation of a homestead that the debtor should have a family, but not to the continuance of the right, and the loss of family by death or marriage does not deprive the debtor of his homestead. Stults v. Sale, 92 Ky. 5, 17 S. W. 148, 13 Ky. Law Rep. 337, 13 L. R. A. 743, 36 Am. St. Rep. 575; Gowdy v. Johnson, 104 Ky. 648, 47 S. W. 624, 20 Ky. Law Rep. 997, 44 L. R. A. 400; Holburn v. Pfanmiller, 114 Ky. 831, 71 S. W. 940, 24 Ky. Law Rep. 1613; Riddle v. Fannin, 72 S. W. 290, 24 Ky. Law Rep. 1737; Rothwell v. Rothwell, 104 S. W. 276, 31 Ky. Law Rep. 851.

It has generally been held that a debtor is entitled to a homestead if he is a housekeeper and has residing with him any person whom he is under a natural or moral obligation to support. Bosquett v. Hall, 90 Ky. 566, 13 S. W. 244, 12 Ky. Law Rep. 433, 9 L. R. A. 351, 29 Am. St. Rep. 404; Ellis v. Davis, 90 Ky. 183, 14 S. W. 74, 11 Ky. Law Rep. 893. In the case of Louisville Banking Co. v. Anderson, 106 Ky. 744, 44 S. W. 636, 21 Ky. Law Rep.

373, it was held that a father was not entitled to a homestead because a married daughter, who had not separated from her husband lived with him.

Measured by the principles announced in the above-cited cases, the court has reached the conclusion that W. H. Deboe, Sr., was not entitled to a homestead. He did not come into the possession, or ownership, of the property when there was any one residing with him that he was under a natural, or moral, obligation to support. He was not qualified for homestead exemptions when the property came to him. It is true there was a son who probably resided with him, but instead of the son's being dependent upon him he was dependent upon the son. The proven contract and the provisions of the will show that the son was to support the father. At the time he became the owner of this property, he was neither a housekeeper with a family, nor a housekeeper with some one dependent upon his residing with him, which was necessary to create a family within the meaning of the law.

A careful consideration of all of the questions raised in brief has led the court to the conclusion that the judgment directing a sale of the life interest of W. H. Deboe, Sr., or so much thereof as was necessary to satisfy the debt, was proper.

Judgment affirmed on both original and cross appeal.