## In re GOETZ.
### No. 1768.

District Court, W. D. Kentucky, at
Owensboro.
Aug. 22, 1939.

Claude E. Smith, of Owensboro, Ky., for bankrupt.

G. Wallace Thacker, of Owensboro, Ky., for trustee.

Ben D. Ringo, of Owensboro, Ky., referee.

SWINFORD, District Judge.

This case is before me on a petition for review of the referee's order disallowing the bankrupt's claim of a $1,000 homestead exemption. The sole question for determination is whether the bankrupt is entitled to the exemption under Section 1702, Carroll's Kentucky Statutes, Baldwin's 1936 Revision.

The facts on which the bankrupt contends that he is entitled to a homestead exemption are these.

The bankrupt, Joseph William Goetz, is a son of Kasper Goetz, deceased. At the time of the death of Kasper Goetz he was the owner of 106 acres of land. The record discloses that this land was only a part of his estate. That he died with considerable estate in addition to the land. By will he bequeathed to each of his five children the sum of $2,000. He also made several other bequests to a number of grandchildren. The will provided that the farm of 106 acres should be sold by the executor. The will contained a residuary clause and made as decedent's residuary legatees persons other than the bankrupt.

Before the settlement of Kasper Goetz's estate or the sale of the farm a number of the bankrupt's creditors sought to subject the $2,000 bequest to the bankrupt in satisfaction of his indebtedness to them. The bankrupt filed his voluntary petition in bankruptcy and now contends that he should be decreed a $1,000 homestead exemption out of the $2,000 legacy.

Section 1702, Carroll's Kentucky Statutes, provides: "In addition to the personal property exempted by this article, there shall, on all debts or liabilities created or incurred after the first day of June, one thousand eight hundred and sixty-six, be exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead, or for purchase money due therefor, so much land, including the dwelling house and appurtenances owned by debtors, who are actual bona fide housekeepers with a family, resident in this Commonwealth, as shall not exceed in value one thousand dollars ($1,000.00); but this exemption shall not apply to sales under execution, attachment or judgment, if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon."

The application and construction of this statute as it pertains to land obtained

through descent, devise or gift, as affecting prior existing debts is settled. Deboe v. Brown, 231 Ky. 682, 22 S.W.2d 111, and cases therein cited beginning with the case of Jewell v. Clark's Ex'r, 78 Ky. 398. The rule is well stated in the case of Meader v. Meader, 88 Ky. 217, 10 S.W. 651, 10 Ky. Law Rep. 783.

 It has also been determined by the Kentucky Court of Appeals that where a person is entitled to a homestead, the fact that the property is indivisible and must be converted into cash does not destroy his right to the homestead and his exemption attaches to his proportionate part of the proceeds of sale to the extent of the statutory allowance of $1,000. Staun & Co. v. Proctor, Jr., 152 Ky. 142, 153 S.W. 196; Roberts v. Adams, Ky., 96 S.W. 554.

In the construction of this statute the courts have gone a long way toward allowing the exemption. Such an exemption is proper and the statute should be liberally construed. In re Baker, 6 Cir., 182 F. 392. It is recognized that such an exemption makes for the security of the individual and his family and contributes generally to good citizenship and the preservation of good government. There should be no criticism of the liberal construction placed upon the wording of the statute.

Nevertheless, it must be recognized that this exemption is purely a matter of legislation and the intention of the duly elected representatives of the people should not be disregarded. Only by continually recognizing the constitutional limitation upon the functions of each of the three separate coordinate branches of the government can an orderly society be preserved under our Republican form of government. Too frequently courts have by interpretation and construction of legislative enactments, expanded or contracted their expressed intention.

I have examined with care the cases cited by the attorney for the bankrupt and without exception they show that the bankrupt had inherited an interest in *land*. That is not the case here. The bankrupt inherited no land or any interest in land. He was to receive a legacy. Its payment, in so far as the record shows, was not even dependent upon the sale of the land. Even had it been so dependent there can be no claim that any title to the land or any part of it was ever in the bankrupt. The will of his father, the instrument through which

he claims, expressly provided to the contrary. It denied him any claim on the farm or any other part of the estate, but provided that he should be paid out of the entire estate a legacy of $2,000.

My attention has been called to no case and I can find none that gives a homestead, under the Kentucky Statute here involved, unless the person claiming the homestead has actual title to the land in question.

Not only is there a lack of authority on this question but it fails upon reason and principle. A homestead law is nothing more than a limitation fixed by statute. The legislature has also enacted statutory exemptions of personal property. It is a matter peculiarly within the province of the legislature, and which they may change at will.

There is a wide difference between following the proceeds of land once owned and in taking the proceeds of land never owned.

I am of the opinion that the bankrupt can claim no homestead in the bequest of $2,000 even though it was derived from the sale of the farm of 106 acres. The petition for review should be dismissed.

Orders should be submitted in accordance with this opinion.